Ensey *v.* The Cleveland and St. Louis Railroad Co.

Wright *v.* The Same.

A person is estopped to deny the existence of a railroad corporation, at the time he contracted with it as such.

If he deny its existence at a subsequent time, he must show how it ceased to exist.

Where a general denial is pleaded, special denials embraced by it are demurrable.

Suit upon a subscription of stock. The complaint set forth the article subscribed to, alleged performance on the part of the company, and a subsequent promise to pay, by defendant. Answer, 1. The general denial.· 2. Payment. *Held*, that the latter was new matter, not provable under the general denial, and the paragraph setting it up was not demurrable.

May Term,
**1858.**

Ensey
v.
The Cleveland, &c.,
Railr'd Co.

APPEAL from the *Parke* Circuit Court.

*Per Curiam.*—Suit by the *Cleveland and St. Louis Railroad Company*, against *Samuel T. Ensey*, upon a subscription of stock. The article subscribed to contained the following recitations and conditions: "We, the subscribers, do hereby severally agree with the directors of the *Cleveland and St. Louis Railroad Company*, a corporation duly organized in the state of *Indiana*, under an act entitled 'an act to provide for the incorporation of railroad companies,' approved *May* 11, 1852, to pay for the number of shares set against our names respectively, of fifty dollars each, subject to the provisions of the act aforesaid, and upon the following terms and conditions, viz: 1. That no assessment shall be levied upon the shares which shall be subscribed, exceeding two dollars and fifty cents per share, until ten thousand shares shall have been subscribed, and the said corporation shall have been duly notified of the organization of a company in the state of *Ohio*, ready and able to proceed simultaneously with the construction of a railroad," from the eastern terminus to *Cleveland*, &c.

There were other provisions in the article, not necessary to be recited here. The paragraphs in the complaint averred that all conditions had been performed and complied with on the part of the company, &c.; and one of them averred a subsequent promise to pay the installments. The defendant answered, denying each and every allegation of the complaint; and, also, in a paragraph averring that the assessments of stock sued for were, each and every one of them, illegal and void.

Issues upon these two paragraphs. Trial, and judgment for the plaintiff.

*Thursday,·*
*May* 27.

The answer also contained ten paragraphs, to which demurrers were sustained.

The ruling upon the demurrers was right as to nine of the paragraphs, but erroneous as to the tenth. A part of the. nine denied the existence of the corporation at the time of the contract. The defendant was estopped to do this. *The Brookville, &c., Co.,* v. *McCarty, et al.,* 8 Ind. R. 392. A part denied its existence at a subsequent period, but failed to show how it had ceased to exist. They were bad for this reason. *Ibid.*

The others were special denials of the performance of the conditions precedent, alleged in the complaint to have been performed; and hence, were all, in substance, embraced in the general denial. The tenth of these paragraphs—the ninth, as numbered in the answer—went to the whole complaint, and alleged, generally, payment of the entire demand sued for. It was, therefore, a complete answer to the whole cause of action, (*Louden* v. *Birt,* 4 Ind. R. 566;) and the only question arising here upon it is, whether the matter of it—payment—was provable under the general denial. If so, the defendant would be presumed to have availed himself of the defense, if it existed, on the trial in the Circuit Court. *Elliott* v. *Wright,* 7 Ind. R. 374. If it constituted new matter, it was necessarily pleaded specially, and could not have been given in evidence under the general denial.

That it must be regarded as new matter, within the rule laid down in *McCarty* v. *Roberts,* 8 Ind. R. 150, we cannot doubt.

The judgment is reversed with costs. Cause remanded, &c.

*D. H. Maxwell* and *E. A. Hannegan,* for the appellant. *J. P. Usher,* for the appelleee.