May Term,
1858.

THE FORT
WAYNE, &C.,
TURNPIKE
COMPANY
v.
DEAM.

</div>

---

THE FORT WAYNE AND BLUFFTON TURNPIKE COMPANY *v.*
DEAM.

Representations made by a person who is not the authorized agent of a corporation, in soliciting stock for it, though false, are not fraudulent so far as the corporation is concerned.

If a person contract with a company as a corporation, he is estopped from denying its corporate existence at the date of his contract.

A party may in such case show that such corporation has ceased to exist since he contracted with it; but, in that case, he must, in his answer, specify how it ceased to exist.

APPEAL from the *Wells* Court of Common Pleas.

HANNA, J.—This was a suit to recover 100 dollars alleged to be due on subscription to the capital stock of said company.

The defendant answered—

1. That there was no such corporation.

2. That the subscription was obtained by fraud.

3. Failure of consideration.

4. That he is not indebted, &c.

5. That plaintiffs sold and assigned their interest in said subscription to, &c., and have therefore no interest, &c.

To this the plaintiffs replied—

1. That there was such corporation, &c.

2. As to the 2d, 3d, 4th and 5th paragraphs of the answer, special denials.

Trial; verdict and judgment for the defendant.

We do not think the evidence sustains the verdict in this case. It was shown that the defendant, among others, had,

May Term,
1858.

THE FORT
WAYNE, &C.,
TURNPIKE
COMPANY
v.
DEAM.

on the 2d day of *July*, 1852, subscribed for four shares of stock, of 25 dollars each, two payable in cash and two in timber and hauling, "in such manner, and at such times and proportions, as the president and directors of the *Fort Wayne and Bluffton Turnpike Company* may direct." It was further proved that on the 3d of *August*, 1852, at a meeting of the president and directors of said company, of whom the defendant was one, and present, it was resolved "that *John Studebaker* be authorized to collect the subscriptions," &c.; and it was further resolved that "the treasurer give the necessary notice to the subscribers, &c., that the whole of such subscription will be required to be paid at the end of 60 days." And it was then shown that the notice was published in the *Fort Wayne Sentinel*, printed in *Fort Wayne*, in *Allen* county, *Indiana*, &c.

Two witnesses were introduced by the defendant—*Studebaker* and *Prillman.* Their evidence is set forth in narrative form, but from it we infer that the attempt was made to sustain by them the answer of fraud, &c. We do not think it even tends to do so. It shows great anxiety upon the part of certain citizens of *Bluffton* to procure the extension of the road to that town; the appointment of one of the witnesses to solicit stock for that purpose; his statement of his opinion that the road could be completed before "high water in the fall;" and the fact that it was not so completed. As no particular acts of fraud or false representations are pointed out, we suppose, from the testimony, that this is the point relied on. The evidence is not sufficient; for it shows that although at a meeting of the board and a portion of the citizens interested as stock subscribers, the probability of completing it was fully talked over, yet the board did not agree to finish it in three months, or any specified time. Therefore, representations made by a person soliciting stock could not be, as to them, fraudulent, especially when that solicitor testifies that, he "was not acting as the agent of, or by or under the direction and instruction of, said company, but was acting by the direction of the citizens of *Bluffton*," &c.

But it is insisted that there was no evidence by the plain-

tiff, of the existence of the corporation at the time the suit was instituted.

By contracting with the plaintiff as a corporation, the defendant is estopped from denying its existence as such at the time of the contract.    8 Ind. R. 392.—7 *id.* 416.—4 *id.* 333.

If by this paragraph of the answer the defendant intended to set up that the corporation had ceased to exist after the contract was made, it should have averred the facts showing how the corporate powers come to a termination. 2 Blackf. 367.—5 Ind. R. 77.—8 *id.* 393.    It would, therefore, have been bad if demurred to; and if viewed as an affirmative answer of that character, as the defendant insists it should be, then the burden of proof was on the defendant to sustain it, after the issue of fact joined upon it.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*C. Case* and *W. H. Withers*, for the appellants.

*J. P. Greer* and *W. March*, for the appellee.