THE AURORA AND CINCINNATI R. R. CO. *v.* MILLER.

RAILROAD.—*Appropriation of Lands.—Injunction.—Tender.—Pleading.*—To the petition of a railroad company to appropriate lands, the owner answered asking an injunction upon the alleged grounds that the plaintiff had no valid organization, did not intend to build the proposed road, and had organized simply in the interest of another company, which grounds were being tested in a *quo warranto* proceeding then pending against such company.

*Held,* that the answer is insufficient.

*Held,* also, that such lands can not be taken without first tendering to the owner all damages occasioned by such proposed taking.

SAME.—*Temporary Injunction.—Dissolution of.*—A temporary injunction should be dissolved upon the filing of a verified answer denying the matters alleged in the complaint upon which such injunction was granted.

From the Ohio Circuit Court.

*O. B. Liddell, C. Baker, O. B. Hord, A. W. Hendricks* and *Hoadley, Johnson & Colston,* for appellant.

*J. Schwartz, J. D. Haynes* and *J. K. Thompson,* for appellee.

PERKINS, C. J.—Proceedings commenced by the appellant, to appropriate a piece of land for her railroad.

Appellee appeared and answered, denying the validity of the organization of appellant, and averring, by way of counter-claim, that it did not intend to build the road for which it was seeking to appropriate the land, and that the appellant was an organization in the interest of another company, that a proceeding in the nature of a

*quo warranto* was pending, in which the dissolution of the nominal corporation of the Aurora and Cincinnati Railroad company was sought.

On these grounds, appellee prayed an injunction against appellant. A temporary injunction was granted.

Appellant answered in denial of the counter-claim, and moved to dissolve the temporary injunction. The motion was overruled, and an appeal taken to this court.

The motion should have been sustained. No case was made by the counter-claim for an injunction. We need not enquire, therefore, whether, had the counter-claim been sufficient, there was any thing appearing that would make this case an exception to the general rule, that a temporary injunction will be dissolved on the coming in of the answer, verified, in denial of the complaint.

We refer to the case of *The Aurora, etc., R. R. Co.* v. *The City of Lawrenceburgh*, at the present term, *ante*, p. 80, for reasons justifying the reversal of the judgment below, upon the motion to dissolve the temporary injunction. And we add, that it seems to us that our present constitution is a sufficient injunction to protect the appellee from injury. It declares, as applicable to this case, that appellee's property shall not be taken by the railroad company till the company has paid, or tendered to him, all damages that will be occasioned by its taking. Article 1, sec. 21, 1 R. S. 1876. *Graham* v. *The Columbus, etc., R. R. Co.*, 27 Ind. 260; *The Baltimore, etc., R. R. Co.* v. *Lansing*, 52 Ind. 229; *The Anderson, etc., R. R. Co.* v. *Kernodle*, at the last term, 54 Ind. 314.

Reversed, with costs, and remanded for further proceedings in accordance with this opinion.