Baker *et al. v.* Neff.

—————— ♦♦ ——————

No. 6955.

BAKER ET AL. *v.* NEFF.

CORPORATION.—*Defective Organization.*—*Right to Enjoy Corporate Franchises.*—*Contract.*—*Estoppel.*—Where one contracts with an association, as a corporation, he is estopped from afterwards denying its legal existence as such. And where there has been an attempt to create a corporation, and the statute has been in part complied with, and there has been an assertion and exercise of corporate powers, the right of such organization to possess and enjoy corporate franchises, and to hold real estate, can not be litigated in an action instituted by an individual citizen, but only in a direct proceeding therefor, brought in the name of the State.

From the Martin Circuit Court.

*J. Baker*, for appellants.

*J. T. Rogers* and *T. Brown*, for appellee.

ELLIOTT, J.—This appeal brings before us the question of

the sufficiency of the complaint of the appellants, who were the plaintiffs below.

The material allegations of the complaint may be thus summarized: In August, 1857, William F. DeLamater, David B. Lupton and Samuel B. Munson attempted to organize a corporation, under the act of May 20th, 1852. Articles of association were signed and acknowledged before a notary public. The name, the object, the amount of capital stock, the location, the duration of the corporation, and the names of the directors are stated in the instrument. The articles of association were filed in the office of the recorder of Martin county, on the 20th day of August, 1857, and a duplicate was filed in the office of the secretary of state on the 3d day of July, 1858. The land in controversy was conveyed to the corporation by its corporate name of the American Paint Manufacturing Company, by the appellant Hannah M. DeLamater, and her husband William F. DeLamater, then in life, but since deceased. William F. DeLamater was the owner at the time of the conveyance to the American Paint Manufacturing Company, and, at his death, he devised all his property to his widow. After the death of said William F. DeLamater, the appellant Hannah M. DeLamater conveyed one-half of the real estate to her co-appellant, John Baker. In 1872, the land was sold upon a judgment against the said paint company, and through that sale appellee claims title.

The contention of appellants' counsel is, that there was no corporation until the duplicate of the articles of association was filed in the office of the secretary of state, and that there was, therefore, no grantee capable of taking at the time the deed was executed.

The appellants, having contracted with the appellee's remote grantor as a corporation, are estopped to assert that there was no such corporation. It is not claimed that the corporation was one which could not have been created under the

law ; the claim is that the law was not complied with. If appellants were correct in their theory, that there was no corporation until the duplicate of the articles of association were filed in the office of the secretary of state, a point we need not, and do not, decide, they are not in a situation to successfully urge it, because they are conclusively estopped by the deed made to the association, wherein it is recognized as, and acknowledged to be, a corporation. This doctrine is very clearly and forcibly enunciated in the opinion of the court, prepared by WORDEN, J., in *Snyder* v. *Studebaker,* 19 Ind. 462.

The complaint shows that there was an attempt to create a corporation ; that the statute was in part, at least, complied with ; that there was an assertion and exercise of corporate powers ; and that, in the contract with appellants, there was an assumption of corporate franchises. In such a case, the right to corporate existence can not be tried in an action instituted by an individual citizen, in his own behalf, for the purpose of annulling a contract. The right to possess and enjoy corporate franchises can, in such a case, only be litigated in a direct proceeding, instituted in the name of the State.

The right of an association, assuming to be a corporation under a law authorizing the creation of corporations of the class to which it claims to belong, and which has exercised powers as a corporation, to hold property, can not be questioned in an action brought by an individual citizen to set aside a contract which he had made with the association in its corporate name and character. The right of a corporation to hold property can only be questioned by a direct proceeding, prosecuted in behalf of the State.

There would be manifest injustice in allowing appellants a recovery, for their claim is entirely destitute of equity. By their own act they enabled the association to appear as the owner of the property, and now, long after it has been seized

and sold to pay the debts of the association which they recognized as a corporation, they assert a claim against one who acquired title at the sheriff's sale, made upon the judgment rendered against the corporation, and without tendering back the consideration received from the corporation.

Judgment affirmed.