Williamson v. The Kokomo Building and Loan Fund Association.

No. 10,042.

WILLIAMSON v. THE KOKOMO BUILDING AND LOAN FUND
ASSOCIATION.

CORPORATIONS.—*Defective Organization.—Mortgage.*—A junior mortgagee can
not defeat a senior mortgage by showing that the corporation to which
the senior mortgage was executed was defectively organized, if it be a
corporation *de facto.*

SAME.—*Collateral Attack.*—Where the law authorizes a corporation, and
there is an attempt in good faith to organize, and corporate functions
are thereupon exercised, though some formalities required by law in the
organization have been omitted, there is a corporation *de facto,* the legal
existence of which can not ordinarily be questioned collaterally.

SAME.—*Building Associations.*—A building association filed its articles of
association in the proper recorder's office, and a certified copy, instead
of a duplicate as the statute requires, in the office of the Secretary of
State, and then assumed the exercise of corporate functions, and took a
mortgage.

*Held,* that a junior mortgagee could not question the corporate existence
for the purpose of defeating the mortgage of the association.

From the Howard Circuit Court.

*M. Bell, C. E. Hendry* and *D. A. Woods,* for appellant.

*R. Vaile* and *J. F. Vaile,* for appellee.

ELLIOTT, J.—Articles of association, signed and acknowl-
edged as the law requires, were filed in the proper recorder's
office, but instead of filing a duplicate in the office of the Sec-
retary of State as the statute provides, a certified copy was
there filed. After this had been done, the association, calling
itself The Kokomo Building and Loan Fund Association, as-
sumed corporate functions, and in the course of corporate
business received from Lewis W. Leach a mortgage on land.
Subsequent to the execution and recording of this mortgage,
Leach executed another mortgage to appellant on the same
land.

The contention of appellant is, that as the association filed
a certified copy, and not a duplicate, of its articles of associa-
tion in the office of the Secretary of State, it never became a
corporation, and the mortgage executed to it is void.

Where persons assume to incorporate under the laws of the State, and in part comply with their requirements, assume corporate functions and transact business as a corporation, private persons can not collaterally question the right of such an association to a corporate existence, although there has not been a full compliance with the provisions of the statute. *Baker* v. *Neff,* 73 Ind. 68. This rule is not limited to cases where one by contract admits corporate existence, but is a rule of general application. In *Cochran* v. *Arnold,* 58 Pa. St. 399, it was said: " If there is anything settled it is that the corporate existence of a corporation *de facto* can not be inquired into collaterally. Upon this subject the authorities are too numerous to admit of citation." " Two things," it was said by the Court of Appeals of New York, "are neces-sary to be shown in order to establish the existence of a cor-poration *de facto,* viz.: 1. The existence of a charter, or some law under which a corporation with the powers assumed might lawfully be created ; and, 2. A user by the party to the suit, of the rights claimed to be conferred by such charter or law." *Methodist Episcopal Union Church* v. *Pickett,* 19 N. Y. 482. It is said, by a recent writer, that, "Admitting that the proceedings had, with a view to secure the corporate character, were so defective or tainted with fraud, and that the building association's conduct had been such, as to make it liable to the loss of its franchises, it belongs to the State, and to the State alone, by a proceeding instituted for that purpose, to enforce the penalty ; and the building association, until, by judicial sentence, its charter is declared void, is a corporation *de facto,* and no private person, more especially no person dealing with it, can be permitted to say, that it is not also a corporation *de jure*." Endlich Building Ass'ns, section 504. Another writer, in discussing the question of what proof is necessary to es-tablish a corporation with respect to strangers, says : " It is ordinarily necessary to show that the corporators have adopted a charter or articles of association of some kind, and have

held themselves out to the world as a properly constituted corporation." Morawetz Private Corp., section 139.

The rule stated by us does not go to the extent of precluding strangers from showing that there was no law authorizing a corporation, nor from showing that there was no attempt at corporate organization, nor any assumption of corporate powers. *Oroville, etc., R. R. Co.* v. *Plumas Co.*, 37 Cal. 354. Where, however, the acts done by persons assuming to act as a corporation are such as to constitute them a *de facto* corporation, a collateral attack by a private person will, as a general rule, be unavailing. Without attempting to define what a *de facto* corporation is, we adjudge that an association may be regarded as a *de facto* corporation, where there is a law authorizing the creation of a corporation of its class and powers, and where there is an attempt, in good faith, to comply with the law, and the only error is in filing a certified copy of the articles of association, instead of a duplicate, with one of two designated depositaries, and where there is also an exercise of corporate functions. This would exclude all associations which no law authorized to be incorporated, and all associations attempting to exercise corporate rights without an effort to obey the law, but would not exclude associations where there was a law authorizing an incorporation, and where there was an effort to organize under the law, and nothing more than a mere defect or irregularity in the proceedings. Where one by contract estops himself, a still different rule applies, but of such cases we are not now speaking.

There are some apparent and some real exceptions to the general rule. An apparent exception is, that subscribers to preliminary articles of association may, in a suit for their subscriptions, deny the corporate existence; an analysis, however, will show that there is no real conflict between the principles which govern in such cases and those which underlie our general rule, for in the former class the condition precedent to the right of recovery is that there should be a *de jure* corporation, and this is not a provision of a law but a condition of

a contract. *Richmond Street R. R. Co.* v. *Reed,* 83 Ind. 9; *Indianapolis, etc., Co.* v. *Herkimer,* 46 Ind. 142, *vide* p. 149. A real exception to the rule is that a corporation *de facto* has no special or extraordinary powers, such as the right to condemn land, although upon this point there is some conflict of authority. Morawetz Private Corp., section 147, auth. n.; *Aurora, etc., R. R. Co.* v. *Miller,* 56 Ind. 88. But whatever may be the limits of the rule, we think it clear that a junior mortgagee can not defeat a prior mortgage by proving a defect in the organization of the association to which the senior mortgage was executed.

The view we take of the case renders it unnecessary to consider the other questions discussed.

Judgment affirmed.