Filed Sept. 25, 1884.

---

No. 10,613.

HASSELMAN v. UNITED STATES MORTGAGE COMPANY ET AL.

CORPORATION.—*Estoppel.*—*Mortgage.*—One who claims title to real estate, derived solely from a body acting as a corporation, can not question the existence of the corporation in order to defeat a prior mortgage upon the same property executed by the supposed corporation.

From the Superior Court of Marion County.

*A. C. Harris* and *W. H. Calkins,* for appellant.

*T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels,* for appellees.

NIBLACK, J.—On the 4th day of June, 1874, an association of persons acting as a corporation, and known as the Indianapolis Journal Company, executed a mortgage on certain real estate in the city of Indianapolis, in the possession and use of said company, to Lewis W. Hasselman and William P. Fishback, to secure the payment of a sum of money therein specified. On the 7th day of June, 1875, the said Indianapolis Journal Company, still continuing in business as, and claiming to be, a corporation duly organized, executed

another mortgage on the same real estate to the United States Mortgage Company, a corporation of the State of New York, to secure the payment of a loan of $60,000, to fall due August 1st, 1885, with interest payable semi-annually, containing, amongst other things, a stipulation that the entire sum might be treated as having fallen due on the failure to pay, at the proper time, any instalment of interest. As an inducement to the said mortgage company to make said loan, Hasselman and Fishback executed to it an agreement in writing that their mortgage should be taken, construed and considered to be junior to the mortgage executed to it as above to secure such loan.

In 1877 Hasselman and Fishback foreclosed their mortgage, and purchased the mortgaged property at sheriff's sale, subject to the mortgage to the mortgage company, receiving from the sheriff a certificate of their purchase in proper form. This certificate was soon thereafter assigned by them to Otto H. Hasselman, the appellant in this appeal.

The Indianapolis Journal Company having in the meantime been placed in the hands of a receiver, Otto H. Hasselman, the appellant, in 1878, purchased from the receiver the printing and binding establishments, including merchandise and stock on hand belonging to said company, together with its name and good-will, subject to the rights of the mortgage company, and went into the possession of the mortgaged property, claiming to be its owner.

Default having been made in the payment of some instalments of interest, the United States Mortgage Company commenced an action against Otto H. Hasselman, John D. Nicholas, Nicholas R. Ruckle, Harry J. Ketchum, Charles B. Wanamaker, William A. Bell, Henry C. Chandler, Henry Jordan, Joshua K. Speer and Granville M. Ballard, in the superior court of Marion county, to foreclose its mortgage. After averring the facts, herein above stated, in connection with other pertinent matters, the complaint charged that the

said Otto H. Hasselman went into the possession of the mortgaged property, and claimed the right to, and now holds the possession thereof, as the assignee of the sheriff's certificate assigned to him as above by Hasselman and Fishback, and under his purchase from the receiver of the Journal Company, and under no other right or title whatever, and is now carrying on business in the Journal Building, constituting a part of the mortgaged property, in the name of " The Indianapolis Journal Company."

Otto H. Hasselman answered in eight paragraphs: *First.* In general denial. *Second.* Payment. *Fourth.* Denying the validity of the execution of the mortgage. *Sixth.* Alleging that he was the owner and in the possession of the property described in the complaint, and that his co-defendants were his tenants; that at the time the mortgage sued on was executed, that is to say, on the 7th day of June, 1875, there was no such corporation in existence as " The Indianapolis Journal Company."

The remaining paragraphs respectively set up, in some form, that at the time of the execution of the mortgage, there was not, and never had been, such a corporation as " The Indianapolis Journal Company," because of certain specified defects, or omissions, in the attempted organization of the company known by that name.

Demurrers were sustained to all the special paragraphs of answer, except the second and fourth. Issue being joined upon the last named paragraphs, the court, at special term, made a finding that there was due to the plaintiff for principal, interest and other specific charges against the mortgaged property, the aggregate sum of $76.987.65, and decreed a foreclosure of the mortgage as against all the defendants.

The suit appealed from in this case was for the review of the proceedings had as above for the foreclosure of the mortgage company's mortgage, in which Otto H. Hasselman was plaintiff, and all the other parties to those proceedings, to-

gether with John S. Spann and William Henderson, as the representatives of after-acquired interests, were defendants.

The complaint alleged that the court had erred in sustaining demurrers to those paragraphs of answer which denied the existence of the Indianapolis Journal Company as a corporation, and for that reason demanded a review of the proceedings and judgment in question.

The court below, at special term, sustained a demurrer to the complaint and rendered final judgment upon demurrer for the defendants. Upon an appeal to the general term, that judgment was affirmed. We have, consequently, only to inquire whether the complaint for review was sufficient upon demurrer, and that inquiry raises only the question whether the court below erred in its rulings in the original action as charged.

Where the law authorizes a corporation, and there is an effort, in good faith, to organize a corporation under the law, and thereupon, as a result of such effort, corporate functions are assumed and exercised, the organization becomes a corporation de facto, and as a general rule the legal existence of such a corporation can not be inquired into collaterally, although some of the required legal formalities may not have been complied with. Ordinarily, such an inquiry can only be made in a direct proceeding, brought in the name of the State. *Brouwer* v. *Appleby*, 1 Sandf. 158; *Palmer* v. *Lawrence*, 3 Sandf. 161; Morawetz Corp., section 142; EndlichBuild. Ass'n, sections 63, 481, 504, 508, 512, 513; *Baker* v. *Neff*, 73 Ind. 68; *Williamson* v. *Kokomo, etc., Ass'n*, 89 Ind. 389; Field Corp., section 349.

No private person having dealings with a *de facto* corporation can be permitted to say that it is not, also, a corporation *de jure*. Endlich, *supra*, section 504, and authorities cited; Angell & Ames Corp., section 636.

One who accepts a conveyance from, or derives title through, a company assuming to be, and acting as, a corporation, and

relies upon such conveyance, or title so derived, can not be permitted to deny the legal existence of the company as a corporation for the purpose of defeating the claim of some third person. *Dooley* v. *Wolcott*, 4 Allen, 406.

When an organization has gone into operation as a corporation, and rights have been acquired under it, every presumption should be indulged in favor of the legality of its corporate existence. *Hagerstown Turnpike Road Co.* v. *Creeger*, 5 Har. & J. 122; *Farmers, etc., Bank* v. *Jenks*, 7 Metcalf, 592.

In the case of *Palmer* v. *Lawrence, supra,* and decided more than thirty years ago, Judge DUER, after reviewing a series of cases, summarized as follows: " The general rule, which is fairly deducible from all the cases on this subject, was stated and acted upon by this court, in *Brouwer* v. *Appleby* (1 Sandf. S. C. 158). It is, that a defendant who has contracted with a corporation *de facto*, is never permitted to allege any defect in its organization, as affecting its capacity to contract or sue; but that all such objections, if valid, are only available on behalf of the sovereign power of the State."

The general rule thus formulated has been recognized as embracing a fair synopsis of the law on the subject to which it relates, by a long line of more recent cases.

Conceding the law to be as we have herein above stated and recognized it as being, the inference must necessarily follow that all the paragraphs of answer relying upon alleged defects in the organization of the Indianapolis Journal Company as a defence were bad upon demurrer.

But it is contended that as the sixth paragraph of the answer denied the existence of any such a corporation as that of the Journal Company, *in toto*, that paragraph stands upon a different footing, and ought to be construed as having tendered a material issue in the cause in which it was filed.

It must be borne in mind, however, that the complaint in that cause charged that Otto H. Hasselman went into posses-

sion of the mortgaged property, claiming to be the owner, under the assignment to him of the sheriff's certificate and under his purchase from the receiver of the Journal Company, and under no other claim of title, and has since so continued in possession, doing business in the name of "The Indianapolis Journal Company." The averment of the sixth paragraph of answer, that the appellant was the owner, and in possession, of the mortgaged property, was not inconsistent with the allegations of the complaint as to the manner in which he went into possession, and as to the claim of title under which he has since continued in possession. That paragraph of answer must, therefore, be construed as admitting the truth of those allegations, that is to say, as admitting that the appellant went into possession under a claim of title remotely derived from the mortgage made by the Journal Company to Hasselman and Fishback, as well as under his purchase from the receiver of the Journal Company, and that the appellant was, at the time, doing business in the name of the Journal Company.

Restrained, as the appellant permitted himself to be, by the force of these admissions, he was estopped from denying the existence of the Journal Company as a corporation, and, under such circumstances, the question as to whether there ever had been in fact any such a corporation became quite immaterial.

For these reasons the sixth paragraph of the answer was also, in our estimation, bad upon demurrer.

The conclusion we have reached upon the pleadings in the original cause constrain us to hold that the demurrer to the complaint for a review of the proceedings had upon those pleadings was correctly sustained.

The judgment at general term is affirmed, with costs.

Filed Sept. 25, 1884.