GARTSIDE COAL CO. *v.* MAXWELL and others.

*(Circuit Court, E. D. Missouri.* November 3, 1884.)

**LIABILITY OF STOCKHOLDERS WHERE COMPANY IS NOT VALIDLY INCORPORATED.**
Where persons, supposing in good faith that they are incorporated and are stockholders in a valid corporation, do business as a corporation for a series of years, without the corporate existence being challenged by the state, parties who deal with the company as a corporation cannot hold the stockholders personally liable in case they afterwards discover that the company was not validly incorporated in consequence of some defect or irregularity in the proceedings of the supposed incorporators.

At Law. For opinion upon motion to suppress depositions, see 20 FED. REP. 187.

*Hiram J. Grover,* for plaintiff.

*Henry Hitchcock, Lucien Eaton,* and *Walker & Walker,* for defendants.

BREWER, J., *(orally.)* In this case the facts are these: There was a corporation, or what pretended to be a corporation, which purchased coal from the plaintiff, and the transactions extended through a series of years. The defendants, or the defendants' so-called corporation, failed to pay,—became insolvent; and this action is to charge those who were the stockholders in this supposed corporation as though they were partners; and the basis of the claim is that there was no corporation; that whatever it assumed or pretended to be, although it called itself a corporation, and attempted to transact business as a corporation, yet in fact it was no corporation, and had no legal existence; and that these parties who were acting as though they were stockholders in this corporation were really not stockholders, and must therefore individually be held as partners to have made the purchases.

It is very clear to my mind that this attempted incorporation was invalid, and that if it had ever been challenged by the officer of the state, in proper proceedings, its exercise of corporate powers would have been enjoined; but, while I think that is unquestionably so, it does not seem to me to follow that those who were supposing themselves stockholders in this corporation can be held personally liable. I think the true rule is this: that where persons knowingly and fraudulently assume a corporate existence, or pretend to have a corporate existence, they can be held liable as individuals; but where they are acting in good faith, and suppose that they are legally incorporated,—that they are stockholders in a valid corporation,—and where the corporation assumes to transact business for a series of years, and the assumed corporate existence is not challenged by the state, then they cannot be held liable, as individuals, as members of the corporation.

Of course, the converse is perfectly true, that a person who deals

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

with a corporation, or gives to an assumed corporation a note, cannot question the corporate existence of that party with whom he has dealt or to whom he gave his note. So, on the other hand, where a person deals with what he supposes is a corporation, with what all parties think is a corporation, where he gives his credit to that supposed corporation, he cannot afterwards, when it turns out that it is not validly incorporated, turn round and say, "Well, I dealt with this supposed corporation; I thought it was a corporation; I trusted it as a corporation; I sold goods to it as a corporation; but it seems when it first attempted to become incorporated that there was some defect or irregularity in its proceedings, so that it did not become legally incorporated, and therefore you who are stockholders will be held personally liable." I do not think that can be done, and judgment will be entered for the defendant.