## LARNED *v.* BEAL & *a.*

A corporation *de facto* is liable in an action of assumpsit for hired money, notwithstanding a failure to comply with the law in its organization, and its members are not individually liable in such an action if they acted in good faith, believing themselves to be a corporation *de jure.*

ASSUMPSIT, for money had and received, against "copartners doing business in the name of The Mendocino Flume and Mining Company." Facts found by a referee. The defendants are members of a company which Mann and others undertook to organize as a corporation of that name under Gen. Laws, *c.* 152, and which is a corporation *de facto*. The company hired money of the plaintiff, both parties believing the borrower to be a corporation *de jure,* and understanding that the money was loaned to the company in its corporate capacity.

*J. W. Fellows,* for the plaintiff.

*B. Wadleigh,* for Beal, cited *Fay* v. *Noble,* 7 Cush. 188; *Trowbridge* v. *Scudder,* 11 Cush. 83; *Ward* v. *Brigham,* 127 Mass. 24.

DOE, C. J. It is not material in this case whether the corporation *de facto* was a corporation *de jure* or not. A want of

regularity in its organization would not affect the validity of its contract with the plaintiff, and would not give him, against its members, as unincorporated persons, an action on a contract which he made with them as a corporation. *S. F. Bridge* v. *Fisk*, 23 N. H. 171, 178; *Ossipee Manf'g Co.* v. *Canney*, 54 N. H. 295, 312, 313; *Saunders* v. *Farmer*, 62 N. H. 572; *Jewell* v. *Gilbert*, 64 N. H. 13, 18; *Case* v. *Kelly*, 133 U. S. 21, 28; Mor. Corp., ss. 744–755.

*Judgment for the defendants.*

SMITH, J., did not sit: the others concurred.