## DOTY ET AL. *v.* PATTERSON ET AL.

[No. 19,067. Filed March 7, 1900. Rehearing denied June 8, 1900.]

APPEAL AND ERROR.—*Joint Assignment of Error.*—A joint assignment of error to the conclusions of law presents no question for review, where each appellant separately excepted to each conclusion of law. *p. 61.*

CORPORATIONS.—*Corporate Existence.—DeFacto Corporation.—Collateral Attack.*—When there is a statute authorizing the creation of a corporation, an attempt to comply with the statute, and an actual exercise of corporate functions, although some formalities required by law have been omitted, there is at least a corporation *de facto,* the legal existence of which can only be questioned in a direct proceeding brought by the proper person for that purpose. *pp. 62-64.*

SAME.— *Corporate Existence. — DeFacto Corporations. — Collateral Attack.*—The rule that the corporate existence of a *de facto* corporation cannot be attacked collaterally is not limited to cases where one by contract admits corporate existence, but is a rule of general application. *p. 64.*

SAME.—*DeFacto Corporations.—Enforcement of Contracts.*—The contracts of *de facto* corporations may be enforced by and against them the same as if they were corporations *de jure. p. 65.*

SAME.—*Stockholders.—Liability of Stockholder as Partner.*—Stockholders in a *de facto* corporation cannot be held liable as partners, although there have been irregularities, omissions, and mistakes in incorporating the company. *pp. 65, 66.*

From the Hancock Circuit Court. *Reversed.*

*S. A. Wray, R. L. Mason, U. S. Jackson* and *R. A. Black,* for appellants.

*E. Marsh* and *W. W. Cook,* for appellees.

Doty *v.* Patterson.

MONKS, J.—This action was brought by appellees against appellants for the dissolution of an alleged partnership, an accounting, and the appointment of a receiver to take charge of and sell the property thereof, and to recover any deficiency necessary to pay its debts. Appellants' demurrer for want of facts to the complaint was overruled. The cause was put at issue, and a special finding of facts made by the court, and conclusions of law stated thereon in favor of appellees. Appellants separately and severally excepted to each conclusion of law. Judgment was rendered in favor of appellees. The errors assigned by appellants are: (1) The court erred in overruling the demurrer to the complaint; (2) the court erred in its conclusions of law on the facts.

It is insisted by appellees that no question is presented by the last error assigned, for the reason that the same is joint as to all the appellants, while each appellant separately excepted to each conclusion of law. It is settled that under such conditions the joint assignment of error presents no question for our decision. *Green* v. *Heaston, Rec.*, 154 Ind. 127; *Grimes* v. *Grimes,* 141 Ind. 480, 481; *Louisville, etc., R. Co.* v. *Smoot,* 135 Ind. 220; *Sparklin* v. *Wardens, etc.,* 119 Ind. 535; Ewbank's Manual §138.

It is next insisted by appellees that "the error, if any, in overruling the demurrer to the complaint is harmless, for the reason that there is a special finding of the facts". It is true that where there is a special finding, the facts found may show that the action of the court in overruling a demurrer to a pleading was harmless.

The complaint, which is in one paragraph, proceeds upon the theory that the stockholders in a *de facto* corporation are liable to the creditors thereof as partners; and the special finding is made and conclusions of law are stated thereon in favor of appellees upon the same theory. It is evident, therefore, that, if such theory is erroneous, the conclusions

of law and final judgment in favor of appellees are erroneous; and the record does not show that the error, if any, in overruling the demurrer to the complaint was harmless, or that the case was fairly determined.

It is alleged in the complaint "that on March 31, 1891, appellees and a part of appellants and the ancestors or assignors of the other appellants signed articles of association, whereby they undertook to form a corporation for the manufacture of butter and cheese, under the manufacturing and mining laws of this State, to be known and designated as the 'Fortville Butter and Cheese Factory'. The articles of association provided that the capital stock of said association should be $6,000, divided into shares of $50 each, and that upon the subscription of the sum of $4,700 of said capital stock said articles should be filed in the office of the recorder of Hancock county in said State, and the remaining $1,300 of said capital stock might be taken *pro rata* by said subscribers in proportion to the number of shares of stock subscribed by each, provided said election is made within such time as may be provided by the board of directors, and, upon failure so to elect, other persons might subscribe said stock; that thereupon said appellants, subscribers and signers of said articles of association, attempted to perfect said corporation, and elected a board of directors, as provided therein, and proceeded to contract indebtedness, and to purchase real estate, and to erect, construct, build, and operate a butter and cheese factory in the town of Fortville in said county, and purchased and caused to be conveyed to said subscribers, in the name of the "Fortville Butter and Cheese Factory," certain real estate in Hancock county, which is described in the complaint; that, with the money paid by the subscribers of said capital stock, they paid for said real estate, and erected a factory or creamery thereon at the cost of $6,000; that in the legitimate and necessary operation of said factory it became and was neces-

sary to contract a *bona fide* indebtedness largely in excess of the subscription to the capital stock, to wit, $1,500, which said indebtedness the appellees were compelled to and did pay and fully satisfy; that the same has never been repaid to them, and is now due and wholly unpaid, and that the appellants. have never paid, or in any manner contributed, their *pro rata* share, or part thereof, to reimburse appellees, although often requested so to do; that appellants and appellees failed to perfect a corporation, in this,—that said writings, which purported to be articles of incorporation, were not acknowledged or sworn to before an officer authorized to take acknowledgments of deeds; that the same were not signed in duplicate, and one thereof filed in the office of the Secretary of the State of Indiana; that the only thing that appellees and appellants did was to sign the instrument in writing purporting to be articles of incorporation, and file said instrument in the office of the recorder of Hancock county, where the same was recorded in the miscellaneous record; that, by reason of the facts aforesaid, the said appellees and appellants, the parties to said instrument, became and were partners in the business aforesaid, doing business under the firm name and style of the "Fortville Butter and Cheese Factory;" that the assets of said partnership will not pay the debts thereof, and that by reason thereof said partnership is insolvent; that the real estate and the factory have been suffered to become out of repair and unproductive, and have depreciated in value so as not to be worth more than $500; that it cannot be insured, and, if a fire occurred, the factory would become a total loss; that, because of financial embarrassment, the factory cannot be operated, and will continue to remain idle, and become a total loss to the owners thereof. Prayer that a receiver be appointed to take charge of the property, collect the debts, and preserve or dispose of the property; that the partnership be dissolved; that an accounting be had, and appellants

required to contribute to the payment of the money paid by appellees.

It is settled in this State that, when there is a statute authorizing the creation of a corporation, an attempt to comply with the statute, and an actual exercise of corporate functions, although some formalities required by law have been omitted, there is at least a corporation *de facto*, the legal existence of which can only be questioned in a direct proceeding brought by the proper party for that purpose. *Crowder* v. *Town of Sullivan*, 128 Ind. 486, 13 L. R. A. 647; *Williams* v. *Citizens, etc., R. Co.*, 130 Ind. 71, 74, 75, 15 L. R. A. 64; *Hasselman* v. *United States, etc., Co.*, 97 Ind. 365, 368, 369; *Williamson* v. *Kokomo, etc., Assn.*, 89 Ind. 389, and cases cited; *Baker* v. *Neff*, 73 Ind. 68. See, also, 1 Cook on Corp. (4th ed.) §234; 2 Cook on Corp. (4th ed.) §637; 1 Thompson on Corp. §§501, 505, 507; 2 Thompson on Corp. §§1851-1855, 1861; Clark on Corp. pp. 90-108; 8 Am. & Eng. Ency. of Law (2nd ed.) 754, 755, 756.

While, under the facts alleged in the complaint, the "Fortville Butter & Cheese Factory" was not a corporation *de jure,* they do not show that it was not a corporation *de facto*, but, on the contrary, it appears that an attempt was made to create a corporation under and in compliance with a law authorizing the creation of a corporation of its class and powers, and an actual exercise of corporate functions. Under the settled law of this State, therefore, the "Fortville Butter & Cheese Factory" was a *de facto* corporation, and its corporate existence cannot be questioned by appellees in this proceeding. This rule is not limited to cases where one by contract admits corporate existence, but is a rule of general application. *Williamson* v. *Kokomo, etc., Assn.*, 89 Ind. 389, 391; *North* v. *State*, 107 Ind. 356; *Palmer* v. *Logansport, etc., Co.*, 108 Ind. 137, 143; *Carmel, etc., Co.* v. *Small*, 150 Ind. 427, 430; 2 Cook on Corp. (4th

ed.) §637; Clark on Corp. pp. 96-98. The contracts of *de facto* corporations may be enforced by and against them the same as if they were corporations *de jure*. This is because the *de jure* existence of a *de facto* corporation cannot be questioned in an action on such contracts either by the *de facto* corporation or the other party to the contract. 2 Cook on Corp. §637; 1 Thompson on Corp. §§518, 520, 521, 522, 528, 532; *Hasselman* v. *United States, etc., Co.,* 97 Ind. 365, 368; *Mullen* v. *Driving Park,* 64 Ind. 202, 206; *Ensey* v. *Cleveland, etc., R. Co.,* 10 Ind. 178; *Stoops* v. *Greensburg, etc., Co.,* 10 Ind. 47; *Ft. Wayne, etc., Co.* v. *Deam,* 10 Ind. 563.

The case of *Indianapolis, etc., Co.* v. *Herkimer,* 46 Ind. 142, and the class to which it belongs, are not in conflict with this doctrine. In those cases it was held that a subscriber to preliminary articles of association may, in a suit for the subscription, deny the existence of the corporation, and, to entitle the corporation to recover, it must prove that all the statutory requirements necessary to organize a corporation have been complied with. It was so held, for the reason that the contract of subscription showed upon its face that it was not made with an existing corporation, and that under said contract it was a condition precedent to a recovery thereon that there should be a *de jure* corporation afterwards created. *Williamson* v. *Kokomo, etc., Assn.,* 89 Ind. 389, 391, 392; 1 Morawetz on Corp. §67.

It follows, therefore, that as appellees cannot question the *de jure* existence of said corporation, although only a corporation *de facto,* the stockholders in such corporation cannot be held liable as partners in this proceeding. The rule established by the great weight of authority is that the stockholders in a *de facto* corporation cannot be held liable as partners, although there have been irregularities, omissions, and mistakes in incorporating the company. Clark on Corp. pp. 99-110; 1 Cook on Corp. (4th ed.) §234, and

cases cited in notes; 2 Am. & Eng. Ency. of Law (2nd ed.) 1047; 23 Am. & Eng. Ency. of Law (1st ed.) 876, 877; *Snyder's Sons' Co.* v. *Troy,* 91 Ala. 224, 8 South. 658; 24 Am. St. 887; *Granby, etc., Co.* v. *Richards,* 95 Mo. 106, 8 S. W. 246; *Mokelumne Hill, etc., Co.* v. *Woodbury,* 14 Cal. 424; *Blanchard* v. *Kaull,* 44 Cal. 440; *Planters, etc., Bank* v. *Padgett,* 69 Ga. 159; *American, etc., Co.* v. *Bulkley,* 107 Mich. 447, 65 N. W. 291; *Merchants, etc., Bank* v. *Stone,* 38 Mich. 779; *Fay* v. *Noble,* 61 Mass. 188; *Trowbridge* v. *Scudder,* 65 Mass. 83; *First Nat. Bank* v. *Almy,* 117 Mass. 476; *Second Nat. Bank* v. *Hall,* 35 Ohio St. 158; *Humphreys* v. *Mooney,* 5 Col. 282; *Gartside Coal Co.* v. *Maxwell,* 22 Fed. 197; *Larned* v. *Beal,* 65 N. H. 184, 23 Atl. 149; *Reinhard* v. *Virginia, etc., Co.,* 107 Mo. 616, 18 S. W. 17; *Clark* v. *Richardson* (Ky.), 31 S. W. 878; *Vanneman* v. *Young,* 52 N. J. L. 403, 20 Atl. 53; *Stout* v. *Zulick,* 48 N. J. L. 599, 7 Atl. 362; *Bushnell* v. *Consolidated, etc., Co.,* 138 Ill. 67, 27 N. E. 596; *Johnson* v. *Okerstrom,* 70 Minn. 303, 73 N. W. 147; *Finnegan* v. *Noerenberg,* 52 Minn. 239, 53 N. W. 1150.

It is insisted by appellants that the contrary doctrine was declared by this court in *Coleman* v. *Coleman,* 78 Ind. 344. In that case it was sought to recover against the directors of a corporation which had not fully complied with all the requirements of the law in its organization, upon the ground that the corporation had no existence, and that, therefore, the directors had no principal, and were liable for the debts they contracted. The court below held the directors were not liable for such debts. It was insisted by the appellees, on appeal, that appellant and those under whom he claimed were estopped to deny the existence of said corporation, because they had either contracted with the corporation as such, or were members and promoters thereof. This court did not hold that said corporation was not a *de facto* corporation, nor that said appellant and those under whom

he claimed were not estopped from denying its existence, but did not pass upon those questions for the reason that, conceding that there was no corporate body for which appellees were authorized to act, and that appellant and those under whom he claimed were not estopped from denying the existence of said corporation, still he was not entitled to recover against the directors, because, under such circumstances, the company was a partnership composed of all the subscribers to the articles of association who had not withdrawn, which included appellees as well as the original plaintiff in the action, for which partnership the appellees were the agents. The judgment of the court below in favor of the directors who were the appellees in this court was affirmed. That case furnishes no support for appellees' contention in this case.

Judgment reversed, with instructions to sustain the demurrer to the complaint and for further proceedings not inconsistent with this opinion.