## CLARK v. AMERICAN CANNEL COAL COMPANY.

[No. 5,061.   Filed March 10, 1905.]

1. CORPORATIONS.—De Facto.—Collateral Attack.—A de facto corporation can not be made the subject of a collateral attack.   p. 70.
2. SAME.—De Facto.—Essentials.—It is necessary for the existence of a de facto corporation that there be (1) a valid law or charter under which a corporation with the powers claimed might be formed; (2) a bona fide attempt to incorporate under such law or charter; (3) a colorable or apparent compliance with the prescribed conditions precedent to corporate existence; (4) the exercise of corporate powers.   p. 71.
3. SAME.—De Jure.—De Facto.—There can not be a corporation de facto where there can not be one de jure.   p. 71.
4. SAME.—De Facto.—Unconstitutional Law.—There can not be a corporation de facto under an unconstitutional law.   p. 71.
5. SAME.—Termination of Existence.—In the absence of statute a corporation ceases to exist at the expiration of its charter.   p. 72.
6. SAME.—Incorporation.—Statutes.—That statutes existed under which a corporation might have incorporated for the same purposes can not avail where it is shown that the corporation in question never attempted to comply with such statutes.   p. 72.
7. SAME.—Purposes.—Statutes.—The right of a corporation to exist for any certain purpose must have statutory support.   p. 72.

8. ESTOPPEL.—*Corporations.—Individual Dealing With.*—An individ-
ual contracting with a corporation is estopped to deny the existence
of such corporation at the time of such contract.   p. 73.

9. JURISDICTION.—*Supreme Court.—Constitutional Question.*—Where
the constitutionality of a statute is necessarily in question in a cause
jurisdiction on appeal is in the Supreme Court.   p. 73.

From Perry Circuit Court; *C. W. Cook,* Special Judge.

Action by the American Cannel Coal Company against
Emma L. Clark.   From a decree for plaintiff, defendant ap-
peals.   *Transferred to Supreme Court.*

*Hatfields & Hemenway* and *C. A. Weathers,* for appel-
lant.

*Logsdon, Chappell & Veneman* and *Patrick & Minor,* for
appellee.

ROBY, J.—The appellee's amended complaint was in two
paragraphs, which do not seem to be materially different in
effect; the substance of them both being that on September
20, 1866, it was the owner of certain described real estate
in Perry county, and conveyed the same to Katherine M.
Kolb, the appellant having title and possession thereof
under and by virtue of conveyances from her and her grant-
ors; that its deed to said Kolb contained a reservation as
follows: "Said company reserving the coal and mineral
in or under said lands with the right of way thereto and the
right of way to any mine or mines that may be opened or
used by said company, its lessees or assigns on other lands,
and the right of taking and using any or all of said land for
entries, depots, ways or other purposes convenient for min-
ing and transporting minerals, said company agreeing to
pay for actual damage to the improvement that may be
placed on said land, and refund the price paid for so much
of said land as may be taken or used;" that said deed was
duly recorded, and the land in controversy thereafter sold
and conveyed to Abraham Clark, who thereafter departed
life, and by his last will and testament left all of his prop-

erty to the appellant, "and said defendant being the owner of the surface, though requested not to do so, has asserted claim that a certain valuable vein or stratum of fire-clay situated underneath said land is not mineral, and is mining and removing the same, and burning it into pottery, and destroying plaintiff's freehold in said vein or stratum of mineral under said land, which was by it reserved in said deed of conveyance;" that it is the owner in fee of all the coal, fire-clay, and all minerals in, beneath and under the surface of said real estate. The prayer is that the defendant be enjoined from mining or removing any part of said vein or stratum of mineral from under said land.

The appellant answered in abatement in three paragraphs. The substance of each is that the plaintiff sues as a corporation, but that there was not at the time the suit was brought, and is not now, any such corporation in existence. It is also averred that the American Cannel Coal Company was incorporated by special act of the legislature in 1837 for a period of fifty years, and that it has ceased to exist by the expiration of said time.

The appellee replied in three paragraphs. The first, a general denial; the second, in terms as follows: "The plaintiff, for a further and second paragraph of reply to defendant's second and third paragraphs of answer in abatement, says that it is a corporation organized and existing under the laws of the State of Indiana; that it was chartered by an act of the legislature of the State of Indiana, December 23, 1837, for a period of fifty years, and that the title of said act by which said corporation was created is as follows, to wit: 'An act to incorporate the American Cannel Coal Company.' [Local Laws, 1838, p. 216.] That said charter was amended by an act of the legislature of Indiana, January 21, 1850, and the title to said act which amended plaintiff's charter, which was granted by an act of the legislature of 1837, is as follows, to wit: ['An act to amend] "an act to incorporate the American Cannel Coal

Company," approved December 23, 1847 [1837],' which said amendatory act was approved January 21, 1850. [Local Laws, 1850, p. 450.] That in 1885 the legislature of Indiana, by general act, passed a law establishing provisions respecting private corporations created and existing at and before November 1, 1851, and that said act was entitled, 'an act establishing provisions respecting private corporations created and existing at and before November 1, 1851, for the purposes of mining for stone, coal, iron ore, and other materials, and for the manufacturing iron, copperas and lumber, and building steam and flat boats for the transportation of coal, iron, lumber, and other products, and other matters connected therewith, repealing all laws inconsistent therewith, and declaring an emergency,' which act was approved April 2, 1885 [Acts 1885, p. 121]; that said act provided that any corporation desiring to avail itself of the provisions of said act should do so within sixty days after the passage of said act, by resolution of the board of directors showing the provisions adopted, which resolutions should be filed in the office of the Secretary of State; that said plaintiff on May 30, 1885, and within sixty days after the passage of said act, duly accepted the provisions thereof by filing with the Secretary of State of Indiana a copy of its resolutions by its board of directors, accepting the provisions of said act aforesaid; that said plaintiff has since then and to the present time continued to perform corporate function and exercise corporate rights, and is now exercising corporate rights, by virtue of its incorporation under said general act or law aforesaid. Wherefore said plaintiff prays that its incorporation be declared valid and legal, and that it have judgment for costs and all proper relief."

"The plaintiff, for further and third paragraph of reply to defendant's first, second and third paragraphs of answer and plea in abatement, says: That the defendant and her grantors negotiated and contracted with the plaintiffs as a corporation, and that at all times mentioned and referred to

in the defendant's plea in abatement herein, and in the complaint herein, and to a time subsequent to the bringing of this action, the said defendant treated this plaintiff as a corporation, and that during all of said times and prior thereto the plaintiff was and is now a corporation under and by virtue of the laws of the State of Indiana; that during all of said times the plaintiff has exercised corporate functions, and has done and transacted business with the public generally as a corporation, and during all of said time said corporation, as such, has had its corporate officers and office in the county of Perry and State of Indiana, and carried on, and conducted, all of its business as a corporation under its corporate name, 'The American Cannel Coal Company,' and that said defendant has dealt with said plaintiff as such corporation, and that the conveyance and contract in this action mentioned and sued on was made by and between said plaintiff as such corporation, and said defendant and her grantors, and that in the making of said contract and conveyance, and at all times prior and subsequent thereto, said defendant dealt with, contracted and treated with this plaintiff as a corporation; that no information or proceedings of any kind or character have been instituted to dissolve or in any way or manner affect this said corporation, and that there is no order of court nor judgment denying or abridging the rights and powers of this corporation; that said corporation has now, and has continuously had for more than fifty years last past, a legal corporate existence, all of which was during all of the times herein mentioned well known to this defendant and her grantors; that said plaintiff and corporation had in good faith attempted to, and complied with all the laws and requirements of the State of Indiana to create it a valid and legal corporation; that it was in the scope and power of said corporation to make contracts to sell and convey real estate, and to do many other acts and things; that said defendant and her grantors received the benefits and property

described in the deed of conveyance mentioned herein, and have ever since held and retained the same, and the defendant is now in possession of the property conveyed by the deed as set out in the complaint herein. Wherefore the plaintiff says that the defendant should be, and is, estopped to set up any claim or in any way to contest or deny the corporate existence and power of this plaintiff as a corporation."

Demurrers were overruled to the second and third paragraphs of reply. The issue in abatement was thereupon submitted to the court which found for the plaintiff, and rendered judgment that the defendant plead over. Appellant filed its motion for a new trial, stating as grounds therefor that such finding is not sustained by sufficient evidence and is contrary to law. The motion was overruled, and exceptions reserved, and the evidence heard upon such issue brought into the record by bill of exceptions.

1. Appellant's position is that the corporation chartered by act of the legislature of December 23, 1837, has ceased to exist by reason of the limitation contained in said act; that the act of May 20, 1885, was unconstitutional, and the attempt to continue said corporation by accepting its provisions was therefore ineffective.

Appellee contends, according to its reply, that appellant can not question the constitutionality of said act in this proceeding, for the reasons, (1), that the plaintiff is a *de facto* corporation, and therefore impervious to collateral attack; and, (2), that appellant is estopped from denying its corporate existence.

"If an association assuming to act as a corporation has been so far organized in compliance with the law as to be a *de facto* corporation, the general rule is that its existence as a corporation can not be collaterally attacked, either by the state or by private individuals, although its organization may have been so irregular and defective that the state

might bring a direct proceeding against it to oust it from the exercise of corporate powers.

2. "By the weight of authority, an association is a *de facto* corporation, within this rule, when the associates have in good faith attempted to organize as a corporation under a valid law, and for a purpose authorized by the law, and have colorably or apparently complied with the requirements of the law, and have afterwards assumed to exercise corporate powers under the law, but not otherwise." 1 Clark & Marshall, Priv. Corp., §80, p. 226. See, also, *Heaston* v. *Cincinnati, etc., R. Co.* (1861), 16 Ind. 275, 79 Am. Dec. 430; *Aurora, etc., R. Co.* v. *City of Lawrenceburgh* (1877), 56 Ind. 80-87; *Crowder* v. *Town of Sullivan* (1891), 128 Ind. 486, 13 L. R. A. 647; *Doty* v. *Patterson* (1900), 155 Ind. 60.

It is essential to the existence of a corporation *de facto* that there be (1) a valid charter or law under which a corporation with the powers assumed by the association in question might be formed; (2) a *bona fide* attempt to organize as a corporation under such charter or law; (3) a colorable or apparent compliance with the charter or law intended as conditions precedent to corporate existence; (4) the exercise or use of corporate powers. *Doty* v. *Patterson, supra;* 1 Clark & Marshall, Priv. Corp., §82.

3. It is abundantly established in this State that there can not be a corporation *de facto* where there can not be one *de jure*. *Indiana Bond Co.* v. *Ogle* (1899), 22 Ind. App. 593, 72 Am. St. 326; *Doty* v. *Patterson, supra; Williams* v. *Citizens Enterprise Co.* (1900), 25 Ind. App. 351; *Farmers Ins. Co.* v. *Borders* (1901), 26 Ind. App. 491.

4. It therefore necessarily follows from this principle that there can not be a corporation *de facto* under a statute which is unconstitutional, for an unconstitutional statute is absolutely void, and a void law is no law. *Norton* v. *Shelby County* (1886), 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. Ed. 178; *Walcott* v. *Wells* (1890), 21 Nev. 47, 24 Pac.

367, 37 Am. St. 478, 9 L. R. A. 59-63; 1 Clark & Marshall, Priv. Corp., §82c.

5. A corporation is dissolved and ceases to exist when its charter expires, unless there is some statutory provision to the contrary, for there is no longer any law under which it can exist. *Brookville, etc., Turnpike Co.* v. *McCarty* (1856), 8 Ind. 392, 393, 65 Am. Dec. 768; *Ft. Wayne, etc., Turnpike Co.* v. *Deam* (1858), 10 Ind. 563-565; *Morgan* v. *Lawrenceburgh Ins. Co.* (1852), 3 Ind. 285; *President, etc.,* v. *Hamilton* (1870), 34 Ind. 506; *Guaga Iron Co.* v. *Dawson* (1836), 4 Blackf. 202; 1 Clark & Marshall, Priv. Corp., §82c, p. 247; 2 Clark & Marshall, Priv. Corp., §305.

6. If the appellee is a corporation *de jure,* it is so by virtue of the legislative act under which it was incorporated. If it is a corporation *de facto,* it is so because, among other things, there was an act permitting it to become a corporation *de jure.* That there may have been statutes in 1885 under which a corporation might have been incorporated for purposes similar to those pursued by the American Cannel Coal Company is immaterial, since it affirmatively appears that no attempt was made to comply with the provisions of any such statute, or to become incorporated thereunder. *Snyder* v. *Studebaker* (1862), 19 Ind. 462-465, 81 Am. Dec. 415; *Harriman* v. *Southam* (1861), 16 Ind. 190; *Indiana Bond Co.* v. *Ogle, supra; In re Bank of Commerce* (1899), 153 Ind. 460, 47 L. R. A. 489.

7. Neither is it made to appear that there was any general statute permitting an organization for the particular uses specified in the original charter of the coal company. And where a corporation claims the right to exist for a certain purpose it must show that it was organized under a statute authorizing the creation of a corporation for that particular purpose. *Indiana Bond Co.* v. *Ogle, supra.*

Whether the appellee attempted to become a corporation in accordance with the provision of a law by which it might

have so done must therefore depend upon the validity of the act of 1885.

The second paragraph of reply is not supported by any evidence.

8. The American Cannel Coal Company was in 1866 a corporation *de jure* and at that time executed its deed to the appellant's remote grantor, Kolb. A person who contracts with an organization as a corporation is estopped to deny its legal corporate existence at the date of his contract. *Judah* v. *American, etc., Ins. Co.* (1853), 4 Ind. 333, 339. Such estoppel operates to prevent a denial that the corporation was in existence at the date of the contract. *Guaga Iron Co.* v. *Dawson, supra; Morgan* v. *Lawrenceburgh Ins. Co., supra; Brookville, etc., Turnpike Co.* v. *McCarty, supra; Dobson* v. *Simonton* (1882), 86 N. C. 492. It does not appear that appellant or her grantors have in anywise dealt with the plaintiff in this action as a corporation, or otherwise estopped themselves from challenging its existence as such, which therefore depends upon the validity of the act of 1885.

9. The constitutionality of a statute of this State is therefore in question, and the question is duly presented. Exclusive jurisdiction in such cases on appeal is vested in the Supreme Court. Acts 1901, p. 565, §9, §1337i Burns 1901.

The case is transferred to the Supreme Court.