Piper and Others *v.* Rhodes and Others.

GRAVEL ROADS.—*Articles of Association.*—*Name.*—The articles of association of a proposed gravel road company, which it was attempted to organize under the act of May 12th, 1852, set forth no name for the corporation. The words "Fairview Turnpike" were placed at the head of the articles.

*Held,* that this was not a compliance with the statute (1 G. & H. 474, sec. 1) requiring the name assumed to be set forth, without which there can be no corporation.

SAME.—*Assessments.*—An order of the board of county commissioners appointing assessors to make an assessment under the act of March 11th, 1867, for such pretended corporation, was a nullity.

SAME.—*Estoppel.*—The owners of land proposed to be assessed, not being shareholders, and not having contracted with the company as a corporation, were not estopped, in a suit to enjoin the collection of an assessment, from denying the corporate existence of the company.

SAME.—*Payment of Subscriptions.*—*Directors.*—Under the act of May 12, 1852, it is the province of the directors, and not of the stockholders, to require payment from subscribers to the capital stock.

APPEAL from the Fayette Circuit Court.

GREGORY, J.—This was a proceeding to enjoin the collection of an assessment for the construction of a gravel road, made under the act of March 11th, 1867. There was an attempt to organize the company under the act of May 12th, 1852. That statute provides "that any number of persons may form themselves into a corporation for the purpose of constructing or owning plank, macadamized, gravel, clay and dirt roads, by complying with the following requirements: They shall unite in articles of association, setting forth the name which they assume, the line of the route, and the place to and from which it is proposed to construct the road, the amount of capital stock, and the number of shares into which it is divided, the names and places of residence of the subscribers, and the amount of stock taken by each, shall be subscribed to said articles of association." 1 G. & H. 474, sec. 1.

The following is a copy of the articles of association:

"Fairview Turnpike.

"Fairview, Fayette county, Indiana, March 8th, 1865.

"We, the undersigned, agree to pay the several sums an-

nexed to our names, for the purpose of constructing a gravel turnpike road in conjunction with the Fairview and Connersville Turnpike Road; commencing at the line between Rush and Fayette, in the village of Fairview, running on the section line east, three miles, to the end of the aforesaid Fairview and Connersville pike; the amount of capital stock forty-five hundred dollars, to be divided into ninety shares of fifty dollars each; payments to be made as the stockholders may agree when they meet to elect directors." Signed with the names of the stockholders, the amount of stock for which each subscribed, with the residence of each.

The defect in the articles of association is the omission of the corporate name. It is claimed that the heading, "Fairview Turnpike," is a sufficient compliance with the requirement of the statute in this respect. We think otherwise. It does not profess to be the name of the company.

The plaintiffs are not shareholders, but are the owners of land within one and one half miles of the line and terminus of the road.

The last clause of the articles of association tends strongly to show that it was not the intention to become a corporate body to be governed by the act of May 12th, 1852; for by section 11 of that act it is the province of the directors to require payment from subscribers to the capital stock.

It is claimed that the order of the board of commissioners appointing the assessors, not appealed from, is conclusive on the complainants. There must be a corporation to authorize the collection of assessments. Without this prerequisite the order of the commissioners is a nullity.

The appellants never contracted with the company as a corporation, nor were they connected with the attempted organization in any way to estop them from denying its existence. See *Williams* v. *The Franklin Township Academical Association*, 26 Ind. 310.

The court erred in sustaining the demurrer to the amended complaint.

The judgment is reversed, with costs; cause remanded, with directions to overrule the demurrer to the amended complaint, and for further proceedings.

*J. H. Mellett* and *M. E. Forkner,* for appellants.

*B. F. Claypool* and *J. C. McIntosh,* for appellees.