# Wheeling.

## MICHAEL FERRELL *vs.* DELIA M. ALLEN, EX.

### July Term, 1871.

Where a bill of injunction to a judgment shows matter sufficient to have defeated a recovery at law, but which defense was not made because not discovered until after judgment, and until it was too late to move for a new trial, it is error to dissolve the injunction; provided a sufficient reason is shown in the bill why the matter of defense was not discovered in time to be set up in the action at law.

Michael Ferrell and Charles Jenewein obtained a bill of injunction from the judge of the circuit court of Monongalia county, on the 6th day of April, 1869, against Delia M. Allen, executrix of G. R. C. Allen. The bill alleged that many years prior thereto, and when the testator was attorney for the commonwealth of that county, one A. Loftus was convicted of selling ardent spirits without a license, and that the testator made an arrangement and agreement with him whereby he was to advance the amount of the fines to the State, and agreed to indulge Loftus in the payment of the same. That Loftus executed to the testator his single bill for something upwards of four hundred dollars, with one John N. Baker and the orators Ferrell and Jenewein as sureties. That the orators never saw the single bill after it was executed, but Loftus had informed them that he had paid it off or settled it. That they had thereafter ceased to think of the matter until after the death of Loftus, in 1860, and Allen who died in 1856, and after the estate of Loftus had been settled up and distributed, the executrix notified the orators that she held their obligation for fines, etc., subject to sundry credits paid thereon by Loftus in his lifetime. That the orators thought there must be some mistake, as they supposed the matter had been adjusted by Loftus in his lifetime, and also supposing and believing that the single bill so held by the executrix was the one executed by them and *Baker ;* that they refused to pay it, and did not examine the signatures thereto.

That afterwards, in 1866, the executrix brought suit against the orators, and filed her declaration at January rules, 1867, and filing therewith what purported to be the single bill of Loftus and the orators for four hundred and forty dollars and nineteen and one-half cents, due in four months, with sundry credits thereon. That the body of the bill was in the handwriting of one E. P. Fitch, deceased, and the credits seemed to have been paid by him, although endorsed in the handwriting of the testator. That soon after process was served upon them, they applied to an attorney to defend the suit, still supposing that the bill sued on was the one executed by them and *Baker*, and supposing also that it had been paid off by Loftus, and not inspecting the signatures to it or thinking there could be any other bill to Allen, they employed the attorney to plead payment and set-off to the claim. That at February term, 1867, the attorney filed a plea of payment and notice of set-off, with specification of payment according to the endorsement on the single bill, except the last item which the attorney inserted to cover the whole claim, and to give the orators time to procure proof of payment of the whole claim, which they supposed themselves able to do. That the orators were diligently engaged in searching for proof of payment until February term, 1869, without avail; and that at that term, in the absence of the orators, judgment was permitted to be had against them, with leave to prove offsets before the clerk of the court within forty days. That before the time expired the orators came in to see what further payment they could prove, when for the first time they saw and examined the single bill, and were surprised to discern that the single bill was not the one executed by them and *Baker*, as sureties of Loftus, but purported to have been executed by Loftus and the orators alone; and which they charged they did not know of, but which was a forgery so far as the orators were concerned. That they never executed any single bill to the testator except the one in conjunction with Baker, and that they had no knowledge of the forgery until after the filing of the pleas, nor until after the rendition of the judgment, or they would at once have made the proper defense in such case. That they were advised that it was now too late to make such defense, or to make it

at all, unless a new trial was granted, and that it was too late to move for such new trial in a court of law. They therefore invoked the aid of the court of equity, asking that the judgment be enjoined, until a new trial be granted in a court of law, and for general relief.

The injunction was granted, and afterwards, at the March term, 1870, was dissolved, the court sustaining a demurrer entered by the defendant.

The depositions taken in the cause fully sustained the allegation of the bill as to the signatures to the single bill not being the genuine signatures of the plaintiffs.

The plaintiffs appealed to this court.

*A. F. Haymond* for appellants.
No counsel appeared for the appellee.

MAXWELL, J.   The appellants filed their bill in the circuit court of Monongalia county to enjoin a judgment at law, obtained against them in the said court; and to obtain a new trial or re-hearing of the cause in which the judgment was rendered. The grounds on which the parties seek relief in equity are fully set out in their bill, to which there was a demurrer sustained by the court. The case made in the bill shows matter sufficient to have defeated a recovery at law if the defense had been made there, but as appears from the bill, the defense was not made at law because the matter of defense was not discovered until after judgment, and until it was too late to move for a new trial. The bill also shows a good and sufficient reason why the matter of defense was not discovered in time to be set up in the action at law. *Armstrong* vs. *Hickman*, 6 Munford, 287; *Mason* vs. *Nelson*, 11 Leigh, 227; *Harvey* vs. *Seashol*, 4 W. Va., 122.

The decree sustaining the demurrer and dissolving the injunction and dismissing the bill, will have to be reversed, with costs to the appellants; the demurrer to the bill overruled; the injunction reinstated and the cause remanded, with leave to the defendant to answer the bill, if desirous to do so.

The other Judges concurred.

DECREE REVERSED.