[In Bank—July 27, 1883.]

THE PEOPLE EX REL. DAVID SCHINDLER, RESPONDENT, *v.* THOMAS FLINT ET AL., APPELLANTS.

| 64 | 49 |
| 77 | 370 |
| 64 | 49 |
| 85 | 244 |
| 64 | 49 |
| 97 | 278 |

USURPATION OF FRANCHISE—NECESSARY PARTIES.—In a proceeding by the people to declare and restrain the usurpation of a corporate franchise, the alleged usurping corporation is a necessary party defendant.

CONSTRUCTION OF STATUTE—INSURANCE CORPORATIONS.—Sections 419 and 290 of the Civil Code, construed together, as they existed in 1874, required the articles of incorporation of an insurance company to state (1) the amount of stock actually subscribed; and (2) that it equalled one hundred thousand dollars. Without these statements the persons signing the articles do not form a corporation.

DE FACTO CORPORATION—PROCEEDINGS TO WIND UP AFFAIRS.—After a final judgment that a *de facto* corporation has no legal existence, proceedings should be had for winding up and settling its affairs by trustees.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

This was a proceeding by the people to have it determined that the defendants had usurped, intruded into, and wrongfully hold and exercise a corporate franchise, and that they be restrained from exercising the same.  The complaint sets forth in *haec verba*, a copy of a document purporting to be "Articles of Incorporation of the California Farmers' Mutual Fire Insurance Association," dated May 27, 1874.

It declared the purpose of the incorporation to be "to insure

LXIV. CAL.—4.

dwelling-houses and barns, and the personal property in the same," etc. The amount of the capital stock was named one hundred thousand dollars, and the amount actually subscribed was stated to be five thousand dollars.

The corporation named in the articles was not made a party defendant. A demurrer to the complaint presented the question of a defect of parties in this regard. The demurrer was over-ruled. The defendants answered, and after trial had it was adjudged that the defendants "have wrongfully intruded into, and do wrongfully hold and exercise, the rights, privileges, powers, immunities, and franchises of a corporation," etc. The decree further perpetually enjoined the defendants, among other things, "from doing or transacting any business, issuing any policies of insurance, or directly or indirectly prosecuting or maintaining any actions, process, or writs whatever as a cor-poration, for, in the name of, or for the benefit of The California Farmers' Mutual Fire Insurance Association, or for or on account of any claims, demands, or business of said associa-tion whatever."

*Pillsbury & Titus,* and *A. W. Thompson,* for Appellants.

The demurrer to the complaint should have been sustained. The action should have been against the corporation by name. (Boone on Corp. § 165, and cases cited.)

It was intended by section 419 of the Civil Code to require the articles of association to contain the recital that one hundred thousand dollars of capital stock had been subscribed. This appears from a comparison of the various sections concerning the forming and organization of corporations.

The State has waived a compliance with the statute by the acts of its officers, the secretary of State, and the State insur-ance commissioner, who were required to examine and pass upon the validity of the articles of incorporation.

In any event the judgment should be modified by rejecting that part which enjoins the collection of the debts due the cor-poration. There was at least a *de facto* corporation. The dis-solution of a corporation does not work an abatement of suits pending in its name. Upon judgment of dissolution section

400 of the Civil Code provides for trustees to settle its affairs. No issues were tendered upon which this portion of the judgment could be based.

*A. L. Hart, Attorney-General,* and *Fox & Kellogg,* for Respondent.

The demurrer was properly overruled. The only cause of action stated is against the defendants named. The proceeding is not against the corporation, because there is no corporation.

The State waived nothing by the action of its officers. Neither the secretary of State nor the insurance commissioner are judicial officers. (*People* v. *Rens. Ins. Co.* 38 Barb. 323; *O. & V. R. R. Co.* v. *Plumas Co.* 37 Cal. 354, 362.)

To acquire a franchise as a corporation all required statutory conditions must be complied with. (*People* v. *Selfridge,* 52 Cal. 331; *Harris* v. *McGregor,* 29 Cal. 124; *Mokelumne Hill Mining Co.* v. *Woodbury,* 14 Cal. 424; *People* v. *Chambers,* 42 Cal. 201; Morawitz on Corp. §§ 128, 259; Morawitz on Corp. §§ 18, 19; *Bigelow* v. *Gregory,* 73 Ill. 197; *Abbott* v. *Omaha Smelting Co.* 4 Neb. 419; *Childs* v. *Smith,* 55 Barb. 45, 53; *Lyons* v. *The O. A. & M. R. R. Co.* 32 Md. 18; *Lord* v. *Essex Building Asso.* 37 Md. 320.)

The judgment ought not to be modified. There never was a corporation *de facto* or *de jure.*

No valid judgment can be rendered against a corporation that has ceased to exist. (*Nat. Bank* v. *Colby,* 21 Wall. 614; *Greely* v. *Smith,* 3 Story, 658; 8 Peters, 281; *City Ins. Co.* v. *Com. Bank,* 68 Ill. 350; *Merrill* v. *Suffolk Bank,* 31 Me. 57.) By parity of reasoning none could be rendered in its favor; much less in favor of one that never existed.

MYRICK, J. — This is a proceeding by the people to have it determined that the defendants have usurped, intruded into, and wrongfully hold and exercise a corporate franchise, and that they be restrained from exercising the same.

The articles of incorporation stated the capital stock to be one hundred thousand dollars, of which the amount actually subscribed was five thousand dollars. The certificate was filed

May 22, 1874. As section 419 of the Civil Code then read, no corporation could be formed for insurance, except on live stock, without a subscribed capital equal to one hundred thousand dollars. Section 290 as it then read required the articles to state the amount actually subscribed. We think these sections should have been read together, to the extent of stating, (1) the amount actually subscribed; and (2) that it equalled one hundred thousand dollars. This being so, the persons signing the articles did not form a corporation. But the alleged corporation is not a party, and has not been heard; therefore its right of existence, or its right to transact business, cannot be adjudged or determined in this proceeding. It may be that individuals, perhaps the relator, have had such transactions with the alleged corporation as not to be in condition to dispute its existence. The people are interested to the extent that no further insurance business shall be transacted by the defendants (that is, no policies issued); and to that extent the defendants might, perhaps, be enjoined; but to prevent the corporation from collecting its dues, or maintaining any action, without being heard as to its right so to do, is beyond the scope of the present proceeding. The complaint was demurred to upon the ground, among others, of defect of parties defendant, in that the corporation was not made a party. We think the demurrer well taken. The corporation was a necessary party. It certainly should be heard before any decree should be made affecting its rights; and possibly the very right of defendants, as individuals, to transact business, or do any act, might involve the right of the corporation to have the business done. The rights of the corporation may be, and probably are, involved in the very acts sought to be enjoined. It has the right to take issue on the allegation that the individuals enjoined are its trustees or directors.

It is well to say, to prevent any misconception, that if on a new trial, after the alleged corporation has been made a party, it should be adjudged that it never had been legally a corporation, that in that case appropriate proceedings should be had by which the affairs of such *de facto* corporation should be wound up and settled by the trustees, whatever due to it collected, and whatever due by it paid, the balance, if any, to be divided among the stockholders.

The judgment is reversed and the cause is remanded, with instructions to sustain the demurrer upon the ground above indicated, and for further proceedings not inconsistent with this opinion.

THORNTON, J., ROSS, J., and MCKEE, J., concurred.

Rehearing denied.