THE INDIANA BOND COMPANY *v.* OGLE ET AL.

[No. 3,150. Filed June 29, 1899.]

CORPORATIONS. — *Articles of Incorporation.* — Where a corporation organizes under a general act, and inserts in its articles of incorporation regulations and provisions additional to those required by the creative statute, such additional regulations and provisions are void. *p. 595.*

SAME. — *Creation for a Particular Purpose.* — Where a corporation claims the right to exist for a certain purpose, it must show that it was organized under a statute authorizing the creation of a corporation for that particular purpose. *p. 595.*

SAME. — *Organization for Particular Purpose.—Statute Construed.* — Subdivision thirteen of section 3502 Horner 1897, providing for the creation of corporations "for the purpose of buying and selling merchandise and conducting mercantile operations" does not authorize the creation of a corporation to buy and sell bonds; since the term "merchandise" does not include bonds. *p. 596.*

SAME. — *Contract by Pretended Corporation Organized Without Authority.—Nul Tiel Corporation.* — Where there is no grant of power existing for the creation of a corporation pretended to be organized, there can be no *de facto* corporation, and, in a suit by such pretended corporation upon a contract executed by it, the other party to the contract is not estopped to deny the corporate existence at the time of the contract. *pp. 597-599.*

From the Marion Circuit Court. *Affirmed.*

*S. M. Richcreek,* for appellant.

*W. R. Gardiner, C. E. Barrett* and *E. A. Brown,* for appellees.

ROBINSON, J.—Transferred from the Supreme Court. Appellant sues as the Indiana Bond Company, averring that it is the holder of certain street improvement bonds, and seeks to enforce the statutory lien against appellees' real estate for an assessment for such street improvement. The complaint does not show in what capacity appellant sues.

Appellees answered in abatement in two paragraphs. In the first paragraph it is alleged that appellant purports to be

a corporation organized under and in pursuance of the laws of Indiana, and is assuming to act as a corporation; that appellees deny that appellant is an incorporated company, and deny its right to act as such, and allege that, under the statute under which appellant assumed to have been incorporated, it is necessary for the parties organizing to file in the county recorder's office proper articles of association signed and acknowledged by the subscribers to the company's capital stock; that the alleged stockholders and incorporators never at any time complied with these statutory provisions, or any of them, and that by reason of such failure there is no such corporation as appellant.

The second paragraph of answer alleges that on the 5th day of February, 1895, certain parties named filed in the office of the Secretary of State, what purported to be certain articles of incorporation; and on the 22nd day of March, 1896, the same parties procured from the Secretary of State what purported to be a certified copy of these articles of association, and on the 23rd day of March, 1896, filed the same in the recorder's office of Marion county, and the same were recorded in the miscellaneous record book of that office, a copy of which purported articles are filed with and made a part of the answer. It is further alleged that appellant has no legal existence, for the reason that on the 5th day of February, 1895, there was no law authorizing the incorporation of appellant, and that the alleged incorporators never at any time filed in the recorder's office of Marion county a duplicate of the alleged articles of incorporation filed in the office of the Secretary of State.

The alleged articles of incorporation filed with the answer state that "The undersigned, and such other persons as may become associated with us by the purchase of stock, desiring to form a corporation under the laws of the State of Indiana for the purpose of carrying on the business of buying and selling bonds, and such other business as may be connected therewith, do hereby certify that we have associated our-

selves together for that purpose, and have adopted the following articles of incorporation." It is further provided that the name of the corporation shall be "The Indiana Bond Company;" the capital stock, $10,000, divided into 200 shares of $50 each; the business to be carried on in Indianapolis, and such other places as the board of directors may choose; that its business shall be carried on by three directors, which may be increased to five; that the board for the first year shall consist of Benjamin Richcreek, Seth Richcreek, and Arthur Lee; that the corporation shall continue fifty years, and that "The object of said corporation shall be the buying and selling of bonds, collecting interest thereon, and such other business as may be connected therewith." The three persons above named signed and acknowledged the above articles,—one on the 4th day of February, 1895, and the other two on the 5th day of February, 1895, and the certificate filed in the office of the Secretary of State February 5, 1895, and filed and recorded in the office of the recorder of Marion county, Indiana, March 23, 1896. A demurrer to these several paragraphs of answer was overruled, and appellant refusing to plead further judgment was rendered that the action do abate and that defendants have costs.

It is fundamental that a corporation can be created, and can exist, by virtue of statutory authority, and by that only. If a corporation organizes under a general act, and inserts in its articles of association regulations and provisions additional to those required by the creative statute, such additional regulations and provisions are void. Nor is the corporation permitted to place any restrictions upon the manner of exercising its corporate duties other than the statute provides. If a corporation claims the right to exist for a certain purpose, it must show that it was organized under a statute authorizing the creation of a corporation for that particular purpose. See 1 Cook Corp. (4th ed.) section 4 *et seq.* It is not claimed by appellant's counsel that at the

time of appellant's attempted incorporation there was any law expressly authorizing the creation of a corporation for the purpose of buying and selling bonds; but it is argued that appellant was properly incorporated under section 4583 Burns 1894, section 3502 Horner 1897, which provides that, "Any number of persons may voluntarily associate themselves, by written articles, to be signed by each person who may be a member at the time of organization, specifying the objects of the same, the corporate name they may adopt to designate such objects pursuant to this act, the names and places of residence of each member or stockholder, with an impression and description of the corporate seal, and in what manner persons shall be elected or appointed to manage the business and prudential concerns of any such association that may have been or shall hereafter be formed for either of the following purposes: * * * Thirteenth. To organize associations for the purpose of buying and selling merchandise and conducting mercantile operations." Section 3424 Burns 1894, and amendment of March 11, 1895, Acts 1895, p. 255, require a certified copy or duplicate of articles of incorporation to be filed with the Secretary of State; and section 4584 Burns 1894, requires the articles of association to be filed in the recorder's office of the county in which such association may be formed.

We can not agree with counsel that the thirteenth subdivision of section 4583, *supra*, authorizes the creation of a corporation for the purpose of buying and selling bonds. The term "merchandise" does not include bonds. A bond is nothing more than a mere evidence of value. While the term "merchandise" does not seem to have any fixed legal signification, yet its commonly accepted meaning is limited to things that have an intrinsic value, in bulk, weight, or measure, and which are bought and sold. Anderson Law Dict. See *Kent* v. *Liverpool, etc., Ins. Co.*, 26 Ind. 294, 89 Am. Dec. 463. Thus where a charter, incorporating a steamboat company, granted a right to run a steamboat "for

the transportation of merchandise", it was held that the term merchandise did not apply to mere evidences of value, such as notes, bills, checks, policies of insurance, and bills of lading, but only to articles having an intrinsic value, in bulk, weight, or measure, and which are bought and sold. *Citizens Bank* v. *Nantuckett Steamboat Co.*, 2 Story, U. S. C. C. 16. The legislature itself has taken the above view of the thirteenth subdivision of section 4583, *supra*, and by an attempted amendment to that section in 1895, added a subdivision to the section expressly providing for the incorporation of associations for the purpose of buying and selling state, county, municipal, and all other bonds. It is argued that this amendment is invalid, and various reasons are assigned, but it is unnecessary to enter upon any discussion of that question, for the reason that the amendment, if valid, was passed subsequent to the attempted incorporation of appellant, and no attempt is shown to have been made to incorporate appellant under the amended statute. The question here is whether at the time of the incorporation there was any law authorizing the creation of a corporation for the purpose of buying and selling bonds.

It is further argued that as appellant has assumed, under color of law and claim of right, to exercise corporate functions, the only method provided for questioning its right to use corporate franchises is by an information in the nature of a *quo warranto*, filed under the provisions of section 1146 Burns 1894. It is true that the legality of the organization of a corporation can not be collaterally questioned, but must be tested by an information; and that where there has been a good faith effort to organize a corporation under the law, and corporate functions have been assumed and exercised, the organization becomes a corporation *de facto*, and, as a general rule, its existence can not be inquired into collaterally. But the distinction must be kept in view between an attempted incorporation under a statute authorizing the creation of such corporation, and an attempted incorporation

where no statute authorizes the creation of such a corporation. If there is a law authorizing incorporation, and a good faith effort has been made to organize under such law, and the company has exercised corporate rights, it becomes a *de facto* corporation, and its *de jure* existence can be questioned only by the State. *North* v. *State, ex rel.*, 107 Ind. 356; *Hasselman* v. *United States Mtg. Co.*, 97 Ind. 365; *Williams* v. *Citizens R. Co.*, 130 Ind. 71, 15 L. R. A. 64. In the above cases the corporate existence questioned was authorized by statute. But if there is no statute authorizing the organization of a pretended corporation, in a suit by such pretended corporation its right to exist may be questioned by a plea of *nul tiel* corporation, which has been held to be a plea in abatement. A corporation *de facto* can not exist in any case where there is no law authorizing a *de jure* corporation. And where there is no grant of power existing for the creation of the corporation pretended to be organized, there can be no *de facto* corporation, and, in a suit by such pretended corporation upon a contract executed by it, the other party to the contract is not estopped to deny the corporate existence at the date of the contract. See, *Heaston* v. *Cincinnati, etc., R. Co.*, 16 Ind. 275; *Williams* v. *Franklin Tp., etc., Assn.*, 26 Ind. 310; *Indianapolis, etc., Co.* v. *Herkimer*, 46 Ind. 142; *Mullen* v. *Beach Grove, etc.*, 64 Ind. 202; *Piper* v. *Rhodes*, 30 Ind. 309; *Brown* v. *Killian*, 11 Ind. 449; *Snyder* v. *Studebaker*, 19 Ind. 462, 81 Am. Dec. 415; *Harriman* v. *Southam*, 16 Ind. 190; 1 Thompson Corp. sections 505, 523.

In *Heaston* v. *Cincinnati, etc., R. Co., supra*, it is said: "A *de facto* corporation, that by regularity of organization might be one *de jure*, can sue and be sued. And a person who contracts with such corporation, while it is acting under its *de facto* organization, who contracts with it as an organized corporation, is estopped, in a suit on such contract, to deny its *de facto* organization at the date of the contract; but this does not extend to the question of legal power to or-

ganize. Hence, if an organization is completed where there is no law, or an unconstitutional law, authorizing an organization as a corporation, the doctrine of estoppel does not apply."

If the right to dispute the corporate organization exists in such a case as the above, it certainly exists in the case at bar, where there is no contractual relation. The question of what rights, if any, the directors and stockholders of an attempted organization as a corporation might have is not before us in this suit, and upon that question we decide nothing. There was no error in overruling the demurrers to the answers.

Judgment affirmed.