## CULLEN ET AL. v. STATE, EX REL. BROWN, ADMINISTRATOR, ETC.

[No. 3,523. Filed February 6, 1902.]

EXECUTORS AND ADMINISTRATORS.—*Action on Bond.*—*Administrator de Bonis Non.*—Where an administrator failed fully to account for funds arising from the sale of real estate of decedent an action cannot be maintained by an administrator *de bonis non* on the bond of such administrator for the recovery of such funds, it being shown that the funds not accounted for belonged to decedent's widow for her interest in the real estate sold, and that no part thereof belonged to the decedent's estate. *pp. 335–340.*

SAME.—*Costs.*—*Decedent's Estates.*—An estate is not chargeable with the expense of litigation in which it has no interest and from which it can receive no benefit. *p. 340.*

From Rush Circuit Court; *L. H. Stanford*, Special Judge.

Action by the State on the relation of Andrew C. Brown, administrator *de bonis non* of the estate of Thomas W. Hilligos, deceased, against William A. Cullen and others, sureties on the bond of Henry Ormes, administrator of such estate. From a judgment in favor of plaintiff, defendants appeal. *Reversed.*

*W. A. Cullen, W. H. Martin, J. D. Megee* and *J. E. Watson*, for appellants.

*S. L. Innis, W. G. Morgan* and *H. E. Barrett*, for appellee.

WILEY, J.—Appellee was plaintiff below, and sued appellants upon three several administrator's bonds. While the assignment of errors attacks the sufficiency of the complaint, the questions arising thereunder are expressly waived by counsel for appellants, and the whole controversy may be decided upon the exceptions to the conclusions of law, and the overruling of the separate motions of appellants for a new trial. The court rendered judgment upon the conclusions of law against the appellants William

A. Cullen, and Henry Hungerford as sureties upon one bond; against Edgar L. Fritch, surviving surety, upon another bond; and in favor of John B. Miller, as surviving surety, upon another bond.

The facts specially found, which are essential to the decision of the case, may be brought within narrow limits. One Henry Ormes was the duly appointed administrator of the estate of Thomas Hilligos, deceased, and as such gave a general bond, with John B. Miller and one Boring as sureties, in the sum of $600. The personal estate as shown by the inventory was $159, and of this sum the widow took $109 in value, as a part of the $500 allowed her by statute. The residue of the personal estate consisted of an engine, which, at the time of this action, remained undisposed of. At the death of Hilligos he owned two parcels of real estate. Ormes, as administrator, filed a petition to sell one parcel of the real estate to pay debts. To this petition Amanda Hilligos, widow of the decedent, was made a party; she filed her answer asking that the whole of the real estate be sold, and that the court direct that one-third of the proceeds thereof be paid to her for her interest therein. The petition to sell was granted, and the administrator directed to execute his additional bond in the sum of $5,000, which he did, with John A. Readle and Edgar L. Fritch as sureties. The real estate was sold under the order of the court for $2,489, all of which was paid to the administrator. Subsequently, the administrator filed a second petition to sell the remaining parcel of land, to which petition Amanda Hilligos was a party, and filed the same answer as in the former petition. The court directed the administrator to file an additional bond in the sum of $6,000, which he did, with the appellants Cullen and Hungerford as sureties. Thereupon the administrator sold the real estate for $2,039.40, including the interest on deferred payments. The court found that Amanda Hilligos receipted to the administrator for the one-third interest in the purchase money of both tracts.

of real estate, but that nothing was paid to her on account thereof, except the sum of $100. Before said Ormes fully settled said estate, he died, and the appellee, Brown, was appointed administrator *de bonis non* to succeed him. During the time Ormes was administering the trust, he filed a current report in partial settlement, and after his death his widow, as executrix of his estate, filed a report of receipts and expenditures with which he was chargeable. Without going into an itemized detail of the account as shown by the two reports filed, and as found by the court, it is sufficient to say that it was found in the special finding that the total amount of the estate chargeable to the administrator was $4,683.40, and that the total amount to which he was entitled to credit was $3,713.98, leaving a discrepancy in the account against the administrator of $969.42. The court found that Ormes, as administrator, converted this latter sum to his own use, and that the same should be apportioned to the funds realized from the sale of said two tracts of land, and not any part against the funds of the personal estate. The court found that there should be apportioned to the fund realized from the sale of the first tract of land, with the interest thereon, the sum of $420.37; and to the fund realized from the sale of the second tract the sum of $926.19. Upon these facts the court stated its conclusions of law as follows: (1) That there was no liability upon the personal property bond described in the complaint, on which John B. Miller was the surviving surety, and that the appellee was not entitled to recover against said Miller. (2) That the appellee was entitled to recover from the appellant Fritch, the surviving surety upon the first bond given by Ormes upon his petition to sell real estate, the sum of $420.37. (3) That the appellee was entitled to recover from the appellants Cullen and Hungerford, as sureties upon the second bond given upon his petition to sell real estate, the sum of $926.19.

Counsel for appellants have called our attention to the

case of *Ormes' Estate* v. *Brown*, 22 Ind. App. 596, and assert that the matters involved here are the same as those decided in that case. In this, however, counsel are mistaken. In that case Brown, as administrator *de bonis non*, attempted by a direct proceeding against the estate of Ormes, his predecessor in the trust, to collect from such estate, by a common law action, a sum alleged to have been converted by Ormes as such administrator. The single question there decided was, that Brown, as administrator *de bonis non*, could not maintain such action, and that for any defalcation on the part of his predecessor, of the property or funds of the trust, his remedy was by an action upon his bonds. In that case no question was raised as to the right of the widow of Thomas W. Hilligos in and to a part of the funds realized by said Ormes as administrator of the estate from the sale of real estate, and, consequently, there was no question decided in that case that in any manner affects that proposition. As seen above, Ormes, in the administration of his trust, gave three separate bonds. First, a general bond covering the administration of the personal estate; second and third, two bonds to cover the funds realized from the sale of real estate. The appellant Fritch is the surviving surety on the first bond given for the sale of real estate, and the appellants Cullen and Hungerford are the sureties on the second bond given for such purpose.

The questions for decision thus presented by the special findings of fact and conclusions of law are narrowed to two propositions: (1) Was it shown that the estate of Hilligos has any interest in the subject-matter of the litigation? (2) If it is shown that there was a *devastavit* of the funds of the estate by Ormes, to whose benefit should the amount inure? The state of the funds received and expended by Ormes is specifically found by the court, to which reference has already been made. To simplify the real question for decision, it is important to understand the interest that the widow of Thomas W. Hilligos has in the funds realized

from the sale of real estate. The first tract of real estate sold for $2,485, all of which was paid to Ormes. Of this amount two-thirds, being $1,656.67, in round numbers, belonged to the estate, and one-third, being $828.33, belonged to the widow. The second tract sold for $2,039.40, including the interest on deferred payments, all of which passed into the hands of Ormes as administrator. Of this sum two-thirds, being $1,359.60, belonged to the estate, and one-third, being $679.80, belonged to the widow. This makes the total sum due the estate with which Ormes was chargeable, including the $159 received from personal property, $3,174.29. The court found that Ormes, as administrator, was entitled to credits for total amounts paid out by him on account of the estate the sum of $3,713.98. It is thus shown that he paid out, in excess of the funds that came into his hands belonging to the estate, $548.25.

Where real estate of a decedent is sold to pay debts the statute fixes the right of the widow in such real estate, or in the funds realized from its sale. Under the statute she is entitled to one-third interest in value, and the court may, under certain conditions, order the sale of the entire estate and require that one-third of the proceeds be paid to the widow. §2503 Burns 1901; *Smock* v. *Reichwine*, 117 Ind. 194; *Pepper* v. *Zahnsinger*, 94 Ind. 88.

In this case the court directed the sale of the entire estate on the petition and answer of the widow, and directed that one-third of the proceeds thereof be paid to her. The administrator, however, failed to pay to her such one-third, and did not pay any portion thereof except $100. Under the special finding of facts it is conclusively shown that there is not due the estate of Hilligos, represented by Brown, as administrator *de bonis non*, any thing, or any sum of money, because it appears that Ormes, in the administration of the trust paid out more money for the benefit of the estate than he actually received. It is not shown that there are any debts of the estate remaining unpaid, and even if there

were, Brown, as administrator *de bonis non*, could not use the money rightfully due Mrs. Hilligos with which to pay them. The interest of a widow in the real estate of her deceased husband can not be charged with the payment of his debts, and it follows that her interest in the proceeds of the sale of such real estate cannot be diverted to that purpose. Whatever funds which came into the hands of Ormes, as administrator, from the sale of real estate that remained unaccounted for belonged to Mrs. Hilligos, and not to the estate of her deceased husband. This fact is made apparent from the special findings, and stands unchallenged. It follows, therefore, that appellee is prosecuting the action here in which the estate he represents has no interest whatever, and from which it can derive no benefit. If this judgment can be upheld, the entire amount of the recovery must be turned over to Mrs. Hilligos.

This suggests the inquiry, can an estate be chargeable with the expenses of litigation in any matter in which it has no interest, and from which it can receive no benefit? This inquiry must be answered in the negative.

In reaching this conclusion we wish to be understood as expressing no opinion as to the rights of Mrs. Hilligos, and this decision must not be regarded as in any manner affecting such rights. No such question is presented by the record. All we decide in this case is that under the facts specially found no cause of action is shown in favor of the estate against the appellants Cullen and Hungerford, as sureties upon one bond, and Fritch, as the surviving surety upon another bond. It follows, therefore, that the conclusions of law stated by the court are erroneous.

The judgment is, therefore, reversed, with instructions to the court below to restate its conclusions of law in harmony with this opinion.

Judgment reversed.