# UNITED STATES

*v.*

# AGOSTIN BIRIEUX.

---

San Juan, Criminal, No. 453.

1. **An indictment** found under § 3082, U. S. Rev. Stat., U. S. Comp. Stat. 1901, p. 2014, which shows on its face that the merchandise which has been concealed, or the transportation of which has been facilitated, is lottery tickets, is bad on demurrer, because lottery tickets are mere evidences of chances to win prizes, and are not merchandise in the sense of the statute in question.

2. The statute in question is highly penal, and therefore should be strictly construed, and it is manifest that it refers entirely to goods upon which the payment of duty was evaded, and lottery tickets are not even subject to duty.

3. Mere evidences of value, such as bank bills, bonds, insurance policies, notes, checks, and lottery tickets, are ordinarily not merchandise, even though they may at times be bought and sold.

Opinion filed April 27, 1910.

---

*Mr. J. R. F. Savage,* United States attorney, for the government.

*Mr. O. M. Wood,* attorney for the defendant.

RODEY, Judge, delivered the following opinion:

This cause is before us on a motion to quash the indictment. The motion is made just as the jury is called to the box and before it is selected or sworn to try the case. It was made orally by defendant's attorney. The indictment was returned under date of April 14, 1910, and is based on § 3082 of the Revised Statutes of the United States, U. S. Comp. Stat. 1901, p. 2014, which reads as follows: "If any person shall fraudulently or knowingly import or bring into the United States, or assist in so doing, any merchandise, contrary to law, or shall receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale, of such merchandise after importation, knowing the same to have been imported contrary to law, such merchandise shall be forfeited, and the offender shall be fined in any sum not exceeding five thousand dollars nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both. Whenever, on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury."

The indictment charges that defendant did "knowingly and unlawfully facilitate the transportation, after importation into the United States, of a large quantity of lottery tickets, to wit, about 2,700 lottery tickets in the lottery known as the 'Loteria á favor del Manicomio Padre Ballini,' the exact number of which said tickets being to the grand jurors unknown, and which said tickets purported to be shares in and dependent upon a drawing of said lottery thereafter to be held, to wit, on the 21st

United States v. Birieux.

day of November, 1909, the importation of which said lottery tickets into the United States was then and there prohibited by law, and which said lottery tickets had been theretofore unlawfully and fraudulently brought, imported, smuggled, and clandestinely introduced, into the United States and into the district of Porto Rico and within the jurisdiction of this court, from a foreign country, to wit, the Republic of Santo Domingo, he, the said Agostin Birieux, then and there well knowing that the said lottery tickets and the whole thereof had been unlawfully and fraudulently brought, imported, smuggled, and clandestinely introduced, into the United States and into the district of Porto Rico, from said foreign country, said Republic of Santo Domingo, as aforesaid; that the said Agostin Birieux did then and there facilitate the transportation of said lottery tickets by carrying the same concealed in a certain bag through the streets of San Juan, Porto Rico, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The grounds alleged in the oral motion to quash are that it appears from the face of the indictment that it certainly is returned under § 3082, and in fact the United States attorney confesses that it is. And on the further ground that lottery tickets are not merchandise in the ordinary commercial or legal meaning of the word, and that as the punishment might be in any sum from fifty to five thousand dollars, or imprisonment not exceeding two years, or both, the statute is highly penal, and that a violation of it amounts to a felony in law, and that hence it should be strictly construed, and that, in any event, it refers to merchandise that is subject to duty, and was passed for the purpose of punishing those who attempt to evade the payment

of duties, and, by its last clause, makes the mere possession of such dutiable goods evidence sufficient to authorize conviction, unless the same is satisfactorily explained, and that it was not intended to punish those who are in the mere possession of lottery tickets, which possession is not a crime, in and of itself, unless the intent to dispose of the tickets shall be alleged and proved, and that then the prosecution should be under the act of March 2, 1895, 28 Stat. at L. 963, chap. 191, U. S. Comp. Stat. 1901, p. 3178, etc., which refers exclusively to lottery tickets.

A reading of the notes to § 3082 of the Revised Statutes of the United States, as contained in 2 Fed. Stat. Anno. pp. 748–750, and a reference to the cases therein cited, will we think convince anyone that the position of counsel for defendant here is well taken. We further find that the Century Dictionary, vol. 5, p. 3713, top, when defining the word "merchandise," states that "real property, ships, money, stocks, and bonds are not merchandise, nor are notes or other mere representations or measures of actual commodities or values." And Bouvier, when defining the word (Rawle's Rev.), vol. 2, p. 399, states among other things: "Mere evidences of value, as bank bills, are not merchandise," and that "the fact that a thing is sometimes bought and sold does not make it merchandise," citing several cases from Massachusetts, and 2 Parsons, Notes & Bills, 331, note w. See also Citizens' Bank v. Nantucket S. B. Co., 2 Story, 16, Fed. Cas. No. 2,730; 27 Cyc. Law & Proc. p. 478 cites Indiana Bond Co. v. Ogle, 22 Ind. App. 593, 72 Am. St. Rep. 326, 54 N. E. 407, as authority for the proposition that bonds, notes, bills, checks, policies of insurance, and bills of lading, are not merchandise.

The history of § 3082, as given in the notes in 2 Fed. Stat. Anno. p. 748, demonstrates that the section in question is copied largely from the act of July 18, 1866, and that this act of 1866 "merely imposes punishment and superadds criminality to that which was before a civil injury." Therefore we think particular weight should be given to the language of the court in United States v. 53 Boxes of Havana Sugar, 2 Bond, 346, Fed. Cas. No. 15,098, cited on page 749 of Fed. Stat. Anno. aforesaid, wherein it is stated that the section in question "was intended only to embrace the case of property brought into the United States clandestinely, with the fraudulent purpose of evading the import duty," etc.

Apart from the fact that the section in question is highly penal in its character, and that hence it should be strictly construed, the further consideration must be taken into account, that lottery tickets are in the United States in a measure contraband in and of themselves. They cannot be entered at a customhouse, and therefore nobody can import them to the United States with a view to evading duty, because they are not subject to duty. Under the act of March 2, 1895, supra, to bring them into the country at all, with the purpose of disposing thereof, or even of depositing or having them carried in the mails of the United States, or carried from one state to another, is a felony. The mere fact that, in other countries than the United States, lottery tickets are articles of commerce, and that people are said to clandestinely buy and sell them in Porto Rico, does not make them merchandise, because at best they are but evidences of the ownership of chances in a lottery. But it is not a crime under the laws of the United States, so far as we are advised, to merely have them in one's possession.

It is therefore manifest that § 3082 refers entirely to merchandise, the entry of which is prohibited by law without paying a duty, and the indictment we think would be bad even on this ground; but apart from all this, even though lottery tickets were subject to duty, we have grave doubts whether they could be considered as merchandise under the most comprehensive definition of the word. See the dictionary definitions supra. For these reasons the motion to quash will be sustained, and it is so ordered.