[Sac. No. 1930. In Bank.—December 14, 1911.]

ANNA McPHEE, Appellant, v. RECLAMATION DIS-
TRICT NO. 765 et al., Respondents.

RECLAMATION DISTRICT—ENFORCEMENT OF LIENS—DE FACTO EXISTENCE
—WANT OF DE JURE EXISTENCE—QUO WARRANTO—UNTENABLE
EQUITY SUIT. — Where, in an action by a reclamation district to
enforce liens for assessments levied thereby, it was determined that
the same had a *de jure* existence, and that the landowner could not
assail its *de jure* existence therein, and the judgment was affirmed
upon appeal, and his property was sold to satisfy the assessment,
and a second suit was brought to enforce another assessment, it is
held that upon a subsequent action in *quo warranto,* upon relation
of such landowner, assailing its *de jure* existence on tenable grounds,
the landowner cannot, pending the determination of that suit, enjoin
a deed under the execution, or the enforcement of the lien in the
second suit.

ID.—SUPPOSITION OF SOLE REMEDY AGAINST ILLEGAL ASSESSMENTS—
EQUITABLE RELIEF.—If it appeared that the sole remedy of the
landowner against an attempt to burden her land with assessments
levied by unauthorized persons assuming without right to act as a
reclamation district, is by *quo warranto,* and she is proceeding as
diligently as may be to assert this remedy, she would be entitled
in the *interim* to the protection of a court of equity; but this rule
does not apply where it appears that at the time of levying the
assessments the reclamation district had a *de facto* existence as a
corporation, entitled to levy and enforce the assessments in question.

ID.—EFFECT OF SUBSEQUENT JUDGMENT IN QUO WARRANTO—PRIOR PRO·
CEEDINGS ON ASSESSMENTS NOT ANNULLED.—Where a reclamation
district had a *de facto* existence, when prior proceedings were in-
stituted, a subsequent judgment in an action of *quo warranto*
which was thereafter instituted, though it should determine that the
reclamation district had not been legally organized, it will not
annul such prior proceedings or affect any acts before performed
by it. If prior assessments, when levied, were valid, because of
the *de facto* character of the corporation, their validity could not
be destroyed by a subsequent adjudication, at suit of the state, that
it had no legal right to a corporate existence.

ID.—EXTENT OF DEFENSE IN FORECLOSURE SUIT—DE FACTO AND DE
JURE EXISTENCE OF DISTRICT.—It would be a tenable defense in a
suit to foreclose liens by a reclamation district to show that it had
neither a *de jure* nor a *de facto* existence; and if it had no *de facto*
existence, its right to exist may be attacked collaterally in the
action on the assessment. But if it had a *de facto* existence, since

the validity of an assessment levied by it does not in that case depend upon the *de jure* character of the reclamation district, its want cannot be shown in defense.

Id.—Judgment as to De Facto Existence of Reclamation District Conclusive.—When in an action to enforce assessments levied by an irrigation district it has been determined by the final judgment of a competent court, that the reclamation district had a *de facto* existence when the assessments were levied and the action was begun to enforce them, the judgment so rendered is conclusive, and cannot be collaterally assailed in any subsequent action.

Id.—Final Judgment not Dependent upon Correctness—Plaintiff in Equitable Action Concluded.—The conclusive effect of a final judgment does not depend in any degree upon the correctness of the adjudication. If the plaintiff in the injunction suit failed to plead and show in the former suits by the reclamation district that it had no *de facto* existence, she is concluded by the final judgment against her. Equity will not relieve against a final judgment on any ground which might have been asserted as a defense to the action in which the judgment complained of was rendered.

Id.—Untenable Action to Enjoin Second Assessment.—The plaintiff has no tenable action to enjoin the enforcement of the second assessment, since she may maintain any tenable defense thereto, unless precluded by the judgment in the first action, and since the granting of an injunction to stay proceedings in the pending action thereon would be directly contrary to the provisions of subdivision 1 of section 3423 of the Civil Code.

APPEAL from a judgment of the Superior Court of Yolo County. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

Hudson Grant, for Appellant.

A. L. Shinn, for Respondents.

SLOSS, J.—Plaintiff is the owner of certain lands in Yolo County. She is seeking to free these lands from the lien of assessments levied by the defendant Reclamation District No. 765. Her contention is that the proceedings leading up to the attempted formation of said district were void for want of jurisdictional prerequisites. A proceeding in *quo warranto* has been instituted in the name of the people of the state against said district to test its right to corporate existence. The present action is one in equity, and is brought to enjoin

the enforcement of the assessment liens until the conclusion of the *quo warranto* proceedings shall have determined whether or not there is a reclamation district authorized to levy assessments.

The court below sustained a demurrer to the amended complaint, and, the plaintiff declining to amend further, judgment was entered in favor of defendants. From this judgment the plaintiff appeals.

The amended complaint begins by setting forth the steps taken in the attempt to form Reclamation District No. 765. We need not undertake to state these matters in detail. It is enough to say that there was a failure to publish the petition for the organization of the district for the period required by the statute (Pol. Code, sec. 3447) and that this failure, as is conceded by the respondents, went to the jurisdiction of the board of supervisors to form the district, and is fatal to the *de jure* existence of such district.

The pleading then goes on to describe the various steps leading up to the levy of an assessment on the lands within the district (including the lands of plaintiff) to pay the cost of reclamation work. All of this was done without the knowledge of the plaintiff. Upon her refusal to pay, an action was begun against her in the name of said Reclamation District No. 765, to enforce said assessment. In that action said defendant (plaintiff herein), attempted to defend by denying the allegation, contained in the complaint therein, that said pretended district was duly organized and existing as a reclamation district and constituted a public corporation and agency, and relied, in support of such denial, upon the facts above stated, showing that there never had been a valid organization of the district. But the superior court refused to entertain the defense, and gave judgment for the plaintiff in said action. On appeal, the judgment was affirmed by the district court of appeal for the third appellate district, on the ground that in that action the corporate existence of the plaintiff therein could not be questioned, but such existence could only be questioned in proceedings in *quo warranto,* at the suit of the state. A petition to have the cause heard in the supreme court was denied and the judgment in favor of the district became final. Thereafter the defendant in that action and plaintiff herein, Anna McPhee, applied to the attorney-general

for leave to institute proceedings in *quo warranto* against the said district. Such leave was granted and an action entitled the People of the State of California, on the relation of Anna McPhee *v.* Reclamation District No. 765 et al., was instituted and is now pending. In that action the right of the defendant to exist as a corporation or public agency is involved. After the commencement of such proceedings in the name of the People, and notwithstanding the pendency thereof, the defendants caused execution to be issued upon the judgment theretofore obtained against the plaintiff, and pursuant thereto the sheriff of Yolo County gave notice that plaintiff's lands would be sold on such execution on the fourteenth day of January, 1911. This action was commenced on the thirteenth day of January, 1911, for the purpose of obtaining an injunction restraining the district and the sheriff from selling plaintiff's lands under said execution until the proceeding in *quo warranto* could be heard and final judgment therein be rendered. The court below denied a temporary restraining order and on the day set for the sale the sheriff offered plaintiff's lands for sale under the execution and said property was struck off to Lizzie H. Glide, one of the defendants herein, for the amount of the judgment, interest, and costs. A certificate of sale was executed and delivered by the sheriff to said purchaser. After such sale, the plaintiff, with leave of court, filed her amended complaint, in which she set forth, in addition to the foregoing facts, the commencement of a second action against her by the defendants to enforce a second assessment against her lands. The prayer of the amended complaint is for an injunction restraining the execution of a sheriff's deed under the sale made, and the prosecution of the action on the second assessment, until the determination of the proceeding in *quo warranto*.

The position of appellant is that inasmuch as she was, in the litigation instituted by the district to foreclose the alleged lien, precluded from showing in defense that the district was never legally organized, but was remitted to the remedy of *quo warranto*, she should in equity and justice be entitled to protect her land from forced sale under such assessment until the question of the legality of the existence of the district can be determined in the only proceeding by which she may have it tested. The effect of the decision in the action brought by

the district against the plaintiff was, it is argued, to hold that any set of persons acting without authority of the statute may assume to be a reclamation district, may levy assessments upon land, and then enforce such assessments by actions in which their want of power to proceed cannot be questioned. Unless the property-owner can, by some other form of proceeding, litigate the question of the right of such persons to so proceed, he is, says the appellant, deprived of his property without due process of law. If the only opportunity of the landowner to raise this question is in *quo warranto* and he diligently proceeds to seek this remedy, he must be protected in the possession of his land until the *quo warranto* proceedings can be brought to a determination.

The opinion of the district court of appeal affirming the judgment against plaintiff is reported in 13 Cal. App. 382, [109 Pac. 1106], under the title of *Reclamation District No. 765* v. *Anna McPhee.* If it were true that, in that case, the court of appeal had held that, in an action brought in the name of a pretended reclamation district, the landowner could not defend upon the ground that there was no such district, and that the only way in which the existence of the district could be questioned was by *quo warranto,* the position of the appellant would be unanswerable. For certainly, as was said in *Piper* v. *Rhodes,* 30 Ind. 309, "there must be a corporation to authorize the collection of assessments," and the law must, in some form of proceeding, give to such appellant an opportunity to deny the existence of a district authorized to levy assessments before her land is finally taken from her. If her only remedy against an attempt to burden her land with assessments levied by unauthorized persons assuming without right to act as a reclamation district, is by *quo warranto,* and she is proceeding as diligently as may be to assert this remedy, she is entitled in the *interim* to the protection of a court of equity. The fact that the judgment foreclosing the lien has gone against her would not affect her right, if the facts entitling her to attack the assessment were of such a nature that she was, by reason of some rule of law, precluded from asserting them in defense to the foreclosure suit. Where a defense existed in favor of a party defendant, but could not be interposed in the action in which the judgment complained of was rendered, equity will restrain the enforcement of that judg-

ment. *New York & N. H. R. R. Co.* v. *Hawes,* 56 N. Y. 175;
*Scott* v. *Shreeve,* 12 Wheat. 607, [6 L. Ed. 744]; *Hubbard* v.
*Eastman,* 47 N. H. 507, [93 Am. Dec. 467]; *Ferrell* v. *Allen,*
5 W. Va. 43.)

But an examination of the opinion in *Reclamation District*
v. *McPhee* shows that the court did not lay down the rule as
broadly as the appellant claims. What was held was that the
validity of the organization of the district could not be ques-
tioned by the defendant in an action on the assessment, *if at
the time of levying the assessment the district had a de facto
existence.* As appears by that opinion the court decided that
the reclamation district, plaintiff herein, although not validly
organized, was a *de facto* corporation, and it was for this
reason that it was held that its *de jure* existence could not be
collaterally questioned in a proceeding brought by it to enforce
its assessments. It was not held that in an action on an assess-
ment, brought by a pretended reclamation district, the land-
owner could not show in defense that the body or persons
assuming to assess his land and to bring an action to enforce
the assessment had no existence, either *de jure* or *de facto,*
as a corporation. On the contrary, it was stated that, if the
pretended corporation had had no *de facto* existence, its right
to exist might have been attacked collaterally in an action on
the assessment. But, concluding that the district was shown
to have had a *de facto* existence, the court held that the le-
gality of the steps taken for its formation could not be at-
tacked in the action to enforce the assessment. This was based
upon the rule that the validity of an assessment levied by a
*de facto* corporation of this character does not depend upon
the fact of the *de jure* character of the corporation. Anything
contrary to this rule that may have been said in *Reclamation
District* v. *Burger,* 122 Cal. 442, [55 Pac. 156], must be dis-
regarded as conflicting with a long line of earlier and later
decisions, many of which are cited by the district court of
appeal in its opinion (13 Cal. App. 388, [109 Pac. 1106].)

Under these circumstances it is difficult to see how an in-
junction restraining the execution of a sheriff's deed until the
determination of the *quo warranto* proceedings would be of
any benefit to plaintiff. If the reclamation district was a
*de facto* corporation, a judgment in *quo warranto,* even though
it should determine that the district had not been legally or-

ganized, would not annul or affect the acts performed by it
before the judgment in *quo warranto*. (*People* v. *Flint*, 64
Cal. 49, [28 Pac. 495]; 23 Am. & Eng. Ency. of Law, 628, 629;
*Gaff* v. *Flesher*, 33 Ohio St. 115; *Schaefer* v. *People*, 20 Ill.
App. 605.) "A judgment of ouster is not retroactive so as to
affect or destroy acts done or contracts made prior to its
rendition." (23 Am. & Eng. Ency. of Law, 629.) If the as-
sessments when levied were valid because of the *de facto* char-
acter of the corporation, their validity could not be destroyed
by a subsequent adjudication, in an action at the suit of the
state, that the alleged district had no legal right to corporate
existence.

But, argues the appellant, the facts alleged by her in the
present complaint show that the reclamation district never
had even a *de facto* existence. We need not enter into any
discussion of this point. The supposed *de facto* existence of
the district was the only ground upon which this plaintiff as
defendant in the action to enforce the assessment was pre-
cluded from showing the want of legal authority of the as-
sumed district. Under the law laid down by the court of ap-
peal it was certainly open to her to show in defense that there
was neither a *de jure* nor a *de facto* corporation. One of two
things must then be true. Either she litigated in that action
the question of the *de facto* existence of the district, and, hav-
ing been defeated on this issue, is estopped by the final judg-
ment from again raising the same question in this action; or
else, having had the opportunity to show the want of *de facto*
(in addition to *de jure*) existence in defense to the former
action, she failed to show it. If the court in the suit on the as-
sessment did actually determine that the plaintiff therein was
a *de facto* corporation, and the question was in issue, the plain-
tiff cannot now urge that the determination on this point was
erroneous. When a judgment has once become final, its con-
clusive effect upon the parties with respect to the matters ad-
judicated does not depend in any degree upon the correctness
of the adjudication. On the other hand, if the plaintiff failed,
in the former action, to plead and show that there was no *de
facto* corporation, she is equally precluded from raising the
point now. Equity will not relieve against a final judgment
upon any ground which might have been asserted as a defense
in the action in which the judgment complained of was ren-

dered.   (25 Cyc. 1006; *Agard* v. *Valencia,* 39 Cal. 292; *Ede* v. *Hazen,* 61 Cal. 360.)

In what we have said, we have confined ourselves to a discussion of the plaintiff's prayer for an injunction restraining the enforcement of the judgment obtained on the first assessment. If the grounds for sustaining the denial of this relief be sound, the plaintiff is in no better position to restrain the prosecution of the action to enforce the second assessment. The want of *de facto* existence is available to the appellant in defense of that action, unless she is estopped by the judgment in the first action. We express no opinion as to which of these alternatives be correct, but in either view, there is no ground for the interposition of equity. Furthermore, the granting of an injunction to stay proceedings in the pending action on the second assessment would be directly contrary to the provisions of subdivision 1 of section 3423 of the Civil Code. (*Spreckels* v. *Hawaiian C. & S. Co.,* 117 Cal. 377, [49 Pac. 353]; *Wright* v. *Superior Court,* 139 Cal. 469, [73 Pac. 145].)

It would seem, therefore, that the court below rightly sustained the demurrer.

The judgment is affirmed.

Shaw, J., Angellotti, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.

Rehearing denied.