[Civ. No. 352. Fourth Appellate District.—March 19, 1931.]

FRANK T. DeTRAY et al., Appellants, v. R. C. CHAMBERS, Respondent.

Law & Overholt and R. E. Hobbs for Appellants.

Delmar W. Doddridge and Harry D. Parker for Respondent.

BARNARD, P. J.—This is an action in equity, brought for the purpose of setting aside a judgment obtained by the defendant herein against these plaintiffs in another action now pending in the Superior Court of Los Angeles County. In that other action, Frank T. DeTray and Ethel B. DeTray were suing R. C. Chambers and his wife for damages growing out of an automobile accident. Chambers and his wife answered, and at the same time R. C. Chambers filed a cross-complaint naming Frank R. DeTray and Ethel B. DeTray as cross-defendants. A general demurrer to this cross-complaint was sustained as to the cross-defendant Ethel B. DeTray. Later, an amended cross-complaint was filed by R. C. Chambers, and a demurrer thereto was overruled on March 16, 1927. On April 8, 1927, there was filed a notice of the overruling of this demurrer, which bore upon it an admission of service of the same. No answer was filed to the amended cross-complaint, and on April 21, 1927, an order was filed asking that the default of the cross-defendants be entered. Such a default was entered by the clerk on that day, and on February 3, 1928, a judgment for $800 and costs was entered on the cross-complaint. The court having refused relief under section 473 of the

Code of Civil Procedure, upon the ground that application therefor was made too late, this action in equity was brought for the purpose of setting aside the judgment referred to. From a judgment in favor of the defendant, the plaintiffs have appealed.

■ Appellants' first contention is that certain findings, to the effect that notice of the overruling of the demurrer to the amended cross-complaint was served, are not supported by the evidence. The evidence shows that there was filed a notice of the overruling of this demurrer which had upon it the following:

"Service of the within notice is hereby admitted this 7 day of April, 1927.
R. C. W. Friday & Ira A. Gwin
Attorneys for Plaintiff."

It appears from the evidence that while appellants had employed Friday as their attorney in that action, Gwin was at that time associated with Friday and in his offices; that they had an arrangement between them for dividing fees on matters that Gwin handled; that Friday depended upon Gwin to handle cases which he turned over to him; that Gwin prepared the pleadings in that action and was handling these demurrers; that Gwin frequently consulted with these appellants about that case, sometimes in the presence of Friday and sometimes alone; that a record of the service of this notice of overruling the demurrer was made by Gwin in his daybook; and that Gwin was in the habit of accepting service on documents on behalf of Friday, with Friday's knowledge and consent. This evidence is ample to sustain the findings complained of.

■ The court found that the attorney for the cross-defendants believed the amended cross-complaint to be a counterclaim, and for that reason failed to file an answer thereto. Appellants' next contention is that since the court thus found that a mistake had been made by the lawyer, equity has jurisdiction to give relief. In this connection may be considered another contention to the effect that equity will always give relief when there is no remedy at law. However, something more is required in an action in equity to set aside a judgment which has become final, than a mere showing of mistake. In *Frost* v. *Hanscome*, 198 Cal. 550 [246 Pac. 53, 57], the court said: "Equity will not

afford relief against a final judgment unless extrinsic fraud and a meritorious defense be both alleged and proved. . . . Assuming that the allegations of the complaint herein were sufficient, the proof fell far short of establishing either requirement.''

The last sentence might well have been used in the instant case. The court found that there was no fraud or collusion on the part of the cross-complainant and that no deception was practiced upon the court or upon these appellants. Not only does the evidence support this finding, but there is no evidence to the contrary. In *Amestoy Estate Co.* v. *City of Los Angeles*, 5 Cal. App. 273 [90 Pac. 42, 44], the court said:

''That a former judgment may be set aside by a court of equity on the ground of fraud, it must be fraud extrinsic or collateral to the questions examined and determined in the action. . . .

''A different rule obtains when the proceedings are under section 473, Code of Civil Procedure. That section is broad enough to justify the action of the court in relieving a party from a mistake of law upon the part of his· attorney when from reliance thereon he was prevented from making a defense. (*Douglass* v. *Todd*, 96 Cal. 657 [31 Am. St. Rep. 247, 31 Pac. 623].) The broad provisions of that section are available, however, only to those seeking relief thereunder. It cannot be construed as an attempt to broaden the powers of a court of equity in determining its jurisdiction in an independent proceeding. The reason for applying different rules is obvious. In the one case, the motion is directed to the discretion of a trial court, within a limited time and before the judgment has become final; in the other, it is the exercise of equitable powers by an independent court based upon established rules. The restricted power of equity is founded upon the proposition that the verity of a judgment should under all circumstances be maintained when the attack is only upon those matters considered by the court upon the original hearing; without which rule there would be no end to litigation and no permanent rights could be established by judgments and decrees.''

█ Appellants urge that they had previously recovered a judgment in still another· case in the municipal court, in

an action arising out of the same automobile collision. If that had any bearing at all, it was a matter of defense which should have been set up in the original action. They also urge that the judgment in the original action purported to have been entered upon an amended cross-complaint, while the order to enter default was upon a cross-complaint; and also that the judgment in the original action was not in proper form and was defective. In the two last-mentioned respects, appellants had an adequate remedy, including an appeal. A plaintiff is not entitled to relief in equity upon grounds which would have been a defense, or which should have been set up in the original action. (*McPhee* v. *Reclamation Dist.,* 161 Cal. 566 [119 Pac. 1077].) In *Brum* v. *Ivins,* 154 Cal. 17 [129 Am. St. Rep. 137, 96 Pac. 876, 878], the court said: "A court of equity is asked to interfere on behalf of a judgment debtor who claims that he had a meritorious defense to the original action but failed to set up that defense. His neglect to appear in the justice's court and deny the averments of the complaint which had been served upon him was not due to any imposition or fraud on the part of the adverse party, nor is there a showing of mistake, surprise, or other equitable ground excusing the failure to defend. Nothing is better settled than the rule that a defendant who, under such circumstances, fails to defend against an action at law, cannot have relief in equity against the judgment in the action, on grounds which would have been a defense to the original suit."

While appellants admit that they were unable to prove fraud, they contend that since their attorney was suspended from the practice of the law shortly after the proceedings complained of, that fact is a sufficient circumstance to entitle them to relief in equity, since it now appears that this same attorney had previously neglected their business. The default complained of was entered on April 7, 1927. The judgment based thereon was not entered until February 3, 1928, and the attorney in question is admitted by the pleadings to have been suspended on March 1, 1928. It appears that the attorney was in good standing at the time the events complained of took place. Irrespective of any sympathy we may have for the appellants, they are themselves responsible for the selection of an attorney and

no fault, in that respect, is even charged to the respondent. While the circumstances may be unfortunate, under established rules, they are not sufficient to set aside a final judgment. Not only is it necessary that a certain security and permanence attach to a judgment which has been allowed to become final, but parties are given a very considerable time and opportunity to protect their interests before a judgment becomes final, and while the established rules may occasionally work a hardship, it cannot be questioned that, in general, they are wise and beneficial.

█ Appellants further contend that the original judgment which this action sought to set aside is absolutely void and therefore may be attacked anywhere, directly or collaterally. So far as our attention has been called to the facts, the judgment would appear to have been only voidable, at most, and the matters alleged called for action in the original case. Had such action been taken, all errors alleged could have there been cured.

The trial court having upon sufficient evidence found against the contentions of appellants on all of the essential matters, and no grounds for equitable relief being here shown, the findings and conclusions complained of cannot be here disturbed.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.